**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VIRGINIA KAYE CONSTIEN,

    Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,
Department of Education Student Loan
Association; ARNE DUNCAN,
Secretary of Education; CHARLES
ROSE, General Counsel; MARTHA
KANTER, Under Secretary;
WILLIAM J. TAGGART, Chief
Operating Officer Federal Student
Aid,

    Defendants - Appellees.

No. 10-6153

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**[*]
**(D.C. NO. 5:09-CV-00853-M)**

---

Virginia Kaye Constien, pro se.

Sanford C. Coats, United States Attorney, and R.D. Evans, Jr., Assistant United
States Attorney, Western District of Oklahoma, Oklahoma City, Oklahoma, for
Defendants - Appellees.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

The United States District Court for the Western District of Oklahoma dismissed without prejudice Virginia Kaye Constien's suit against the United States and several agencies and officials for failure to serve them with process in accordance with Federal Rule of Civil Procedure 4. Ms. Constien appeals the dismissal. The government argues that we lack jurisdiction because the district court did not set out its final judgment in a separate document. We hold that we have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. JURISDICTION

Before turning to the merits of the appeal, we address the government's contention that we lack jurisdiction. Circuit courts have jurisdiction under 28 U.S.C. § 1291 to review "final decisions of the district courts." The government asserts that when Ms. Constien filed her notice of appeal, the district court's dismissal was not a final, appealable decision because the dismissal had not yet been set forth on a separate document, as required by Federal Rule of Civil Procedure 58(a). We disagree. As we proceed to explain, the district court's dismissal was a final decision. The separate-document requirement does

not affect the finality of a court order; failure to comply with the requirement merely extends the time for a losing party to file a notice of appeal.

A "final decision" within the meaning of the term in § 1291 is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988). "[I]n this circuit, whether an order of dismissal is appealable generally depends on whether the district court dismissed the *complaint* or the *action*. . . . [D]ismissal of the entire action is ordinarily final." *Moya v. Schollenbarger*, 465 F.3d 444, 448–49 (10th Cir. 2006) (internal quotation marks omitted). A dismissal without prejudice can be a final decision. *See id.* at 448. In particular, dismissal without prejudice for failure of service is a dismissal of the action and not just the complaint because no amendment of the complaint could cure the defect. *See id.* at 450–51; *cf. Jones v. Frank*, 973 F.2d 872 (10th Cir. 1992) (reviewing dismissal without prejudice because of failure to serve government).

The government's jurisdictional argument is not founded on § 1291 but rather on Federal Rule of Appellate Procedure 4(a), which governs the time for appeal in a civil case. Timeliness can have jurisdictional consequences. Most notably, a tardy notice of appeal in a civil case deprives the appellate court of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 206–07 (2007). We may also lack jurisdiction, however, when the notice of appeal is filed prematurely. Indeed, a premature notice of appeal may be a legal nullity in some

-3-

circumstances.  Appellate Rule 4(a)(2) might appear to eliminate this problem.  It states: "A notice of appeal filed after the court announces a decision or order—but before the entry of judgment or order—is treated as filed on the date of and after the entry."  Fed. R. App. P. 4(a)(2).  But in *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269, 276 (1991), the Supreme Court limited the application of Rule 4(a)(2), holding that it does not cover "a clearly interlocutory decision"; it covers only those decisions "that *would be* appealable if immediately followed by entry of judgment," *id.*; *see Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 158–59, 163 (D.C. Cir. 2005) (Roberts, J.) (applying *FirsTier* and Rule 4(a)(2)).  When prematurity of a notice of appeal cannot be "cured" by Rule 4(a)(2), the aggrieved party must await a final judgment before filing a notice of appeal to challenge the allegedly erroneous ruling.

Nevertheless, on this appeal we do not confront prematurity caused by appeal from a clearly interlocutory decision.  The government does not dispute that the district court's dismissal in this case would be appealable if immediately followed by entry of judgment.  Accordingly, under Appellate Rule 4(a)(2), Ms. Constien's notice of appeal was not a legal nullity but would be considered filed immediately after entry of judgment.  Application of that rule does not, however, resolve all the government's concerns.

The prematurity claimed by the government in this case arises from the absence of a separate document setting forth the dismissal, as required by Federal Rule of Civil Procedure 58(a).[1]  Under that rule the judgment and the opinion on which it is based must be kept separate.  *See Mondragón v. Thompson*, 519 F.3d 1078, 1081–82 (10th Cir. 2008).  Apparent prematurity can arise from the absence of a separate document because the time for appeal is measured from entry of the judgment, and the absence of a separate document delays that entry.  When the United States or its agency or officer is a party, the notice of appeal must be filed "within 60 days after the judgment or order appealed from is *entered*."  Fed. R. App. P. 4(a)(1)(B) (emphasis added).  And under Appellate Rule 4(a)(7)(A)(ii), entry of judgment does not occur when "the judgment or order is entered in the civil docket" but only after:

> the earlier of these events occurs:
> - the judgment or order is set forth on a separate document, or
> - 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

---

[1] Some motions can be disposed of in orders that do not require separate documents.  *See* Fed. R. Civ. P. 58(a)(1)–(5) (listing motions exempted from separate-document rule).  But the dismissal here was not such an order.

Fed. R. App. P. 4(a)(7)(A)(ii).[2]  Thus, if a party files a notice of appeal less than

150 days after the decision is filed but before the decision is set forth on a

separate document, the notice is filed before the time period for filing a notice has

begun to run.  *See Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1245 (10th Cir.

2007) (describing as "premature" a notice of appeal filed before entry of

judgment under Appellate Rule 4(a)(7)).

That is what happened here.  The dismissal order was filed on June 24,

2010, but the district court did not comply with the separate-document rule.  It

dismissed Ms. Constien's claim in a four-page order that included facts and legal

reasoning; there was not a separate document setting forth the judgment.

Therefore, under Appellate Rule 4(a)(7)(A)(ii), entry of judgment did not occur

until 150 days later, on November 21, 2010.  Ms. Constien filed her notice of

appeal on July 1, 2010, well before that date.

The type of "prematurity" caused solely by the absence of a separate

document, however, is specifically addressed, and cured, by Federal Rule of

Appellate Procedure 4(a)(7)(B).  It states:  "A failure to set forth a judgment or

order on a separate document when required by Federal Rule of Civil Procedure

---

[2] Appellate Rule 4(a)(7)(A)(i) applies to those orders excepted from the separate-document requirement by Federal Rule of Civil Procedure 58(a).  But, as already noted, the dismissal in this case was not such an order.  *See supra* note 1.

58(a)(1)[3] does not affect the validity of an appeal from that judgment or order."

If the only reason that the notice of appeal is premature is that the judgment, although filed in the civil docket in accordance with Civil Rule 79(a), has not been set forth on a separate document, then the notice is as effective as if the judgment had been so set forth. Appellate Rule 4(a)(7)(B) was added in 2002 to codify the Supreme Court ruling in *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (per curiam). The rationale for the rule is explained in that decision. The Court said that the "sole purpose of the separate-document requirement . . . was to clarify when the time for appeal . . . begins to run." *Id.* at 384. It noted that "nothing but delay would flow from requiring the court of appeals to dismiss [because of the absence of a separate document]. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." *Id.* at 385.[4] In short, under Appellate Rule 4(a)(7)(b), the appellant can always decide

---

[3]Since the 2007 style changes to the Federal Rules of Civil Procedure, the separate-document rule has been set out in Rule 58(a), not Rule 58(a)(1); and the text of Appellate Rule 4(a)(7)(B) has been amended, effective December 1, 2010, to reflect this.

[4]The Civil Rules Advisory Committee adopted the same view: "[T]he decision whether to waive the requirement that the judgment or order be set forth on a separate document is the appellant's alone. It is, after all, the appellant who needs a clear signal as to when the time to file a notice of appeal has begun to run. If the appellant chooses to bring an appeal without waiting for the judgment or order to be set forth in a separate document, then there is no reason why the appellee should be able to object." Fed. R. App. P. 4 advisory committee's note,

(continued...)

to "waive[] the separate document requirement and choose[] to appeal prior to the running of the 150-day cap." *Utah v. Norton*, 396 F.3d 1281, 1287 (10th Cir. 2005).

Accordingly, Ms. Constien's notice of appeal was effective, and this court has had jurisdiction over this appeal since that notice was filed. We can now turn to the merits of the appeal.[5]

---

[4](...continued)
2002 Amendments.

[5]Even though failure to set forth a judgment on a separate document does not deprive a court of appeals of jurisdiction, it can still cause serious problems. Fed. R. App. P. 4(a)(4)(A) provides a list of motions that are commonly brought after a judgment has been entered, such as motions for a new trial or to alter or amend the judgment. Appellate Rule 4(a)(4)(B) states that if a notice of appeal is filed before these motions are disposed of, the notice will not be effective until the district court has ruled on all the motions. The advisory committee's note states that the notice of appeal, and with it the appellate court's jurisdiction, is suspended until such motions are disposed of. *See* Fed. R. App. P. 4, advisory committee's note, 1993 Amendments. Because most of the Appellate Rule 4(a)(4)(A) motions can be filed up to a certain time after entry of judgment, they can be filed long after the notice of appeal when the judgment is not set forth in a separate document. This can mean that the jurisdiction of the appellate court is suspended even if the court has been considering the appeal for some time. *Warren v. Am. Bankers Ins.*, 507 F.3d 1239 (10th Cir. 2007) provides an example of the mischief that can occur. There, the plaintiff first filed a notice of appeal after dismissal of the case, and then filed a motion to alter or amend judgment under Fed R. Civ. P. 59(e). *See id.* at 1245 (describing situation as a "quagmire"). The Rule 59(e) motion was filed 35 days after dismissal, but was still timely because the district court had not set out the order on a separate document. *See id.* at 1244–45. We held that the motion suspended our jurisdiction to consider the appeal until the motion was resolved. *See id.* at 1245. Judicial efficiency requires that district courts comply with the separate-document rule.

## II.    SERVICE OF PROCESS

Ms. Constien filed suit on August 7, 2009, against the United States Department of Education, the Student Loan Association, and four Department of Education officials (the DOE officials).  She claimed that the government had reduced her Social Security Disability checks to make payments on her student loans.  She asked "for relief from the defendant in the amount of <u>34 Trillion Dollars</u>."  R., Vol. I at 6.  On December 2, 2009, she amended her complaint to add as defendants the United States and Robert Troester, the acting United States Attorney for the Western District of Oklahoma.  She also added demands "that the entire CFR 34 [Education] and the USC 20 [Education] . . . be declared <u>unconstitutional</u>" and that she be awarded "restitution of $81 million, 850 thousand dollars plus addition $850 thousand dollars per month for ever month since August 7, 2009, the original date of the original complaint."  *Id.* at 25–26 (brackets in original).

The district court dismissed Ms. Constien's suit after finding no evidence that the Attorney General, the United States attorney for the Western District of Oklahoma, or any other defendant had been properly served in a timely manner. "We review under an abuse-of-discretion standard the decision to dismiss a defendant for failure of proper service."  *Bolden v. City of Topeka*, 441 F.3d 1129, 1146 (10th Cir. 2006).

To analyze the merits of Ms. Constien's appeal, we begin by summarizing the rules that govern service on the United States and its agencies, officers, and employees; we then discuss the facts of this case and apply the law to the facts.

## A.     Federal Rule of Civil Procedure 4

Three subsections of Federal Rule of Civil Procedure 4 are important to our decision.

First, Rule 4(i) states the requirements for serving the United States, its agencies, and its officers and employees.  To serve the United States, it is necessary to send a copy of the summons and complaint by registered or certified mail to the Attorney General and deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought.  *See* Fed. R. Civ. P. 4(i)(1).  Delivery to the United States attorney may be effected by (1) delivering a copy of the summons and complaint to the United States attorney; (2) delivering a copy of the summons and complaint "to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"[6]; or (3) sending a copy of the summons by registered or certified mail to the civil-process clerk at the United States

---

[6] The language of the Rule is ambiguous regarding whether assistant United States attorneys need to be designated for service of process.  *But see Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982) (Breyer, J.) (service must be made by delivering summons and complaint to United States attorney "or to an assistant United States attorney or to certain designated clerical employees in the United States attorney's office").  But we need not address that issue to resolve this appeal.

attorney's office.  *Id.* 4(i)(1)(A)(i)–(ii).  The United States must also be served

when a federal agency is sued or when a federal official or employee is sued

either in an official capacity or in an individual capacity for an act in connection

with official duties.  *See id.* 4(i)(2)–(3).  The government cannot waive service of

process.  *See id.* 4(d); *see also id.* Rule 4, advisory committee's note, 1993

Amendments ("The United States is not expected to waive service for the reason

that its mail receiving facilities are inadequate to assure that the notice is actually

received by the correct person in the Department of Justice.").

Second, and of dispositive importance in this case, Federal Rule of Civil

Procedure 4(c), entitled "Service," limits who can be used to serve process.  Rule

4(c)(2) states:  "By Whom.  Any person who is at least 18 years old and not a

party may serve a summons and complaint."  (Also, Rule 4(c)(3) specifically

permits service by "a United States marshal or deputy marshal or by a person

specially appointed by the court.")  Even when service is effected by use of the

mail, only a nonparty can place the summons and complaint in the mail.

Although one could question the wisdom of this requirement, *see* 4B Charles Alan

Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n.15 (3d ed.

2002), the rule contains no mailing exception to the nonparty requirement for

service.  And the limited history surrounding the relevant rules provisions

confirms this reading.

One confirmation comes from the original Rules of Civil Procedure. The original Rule 4 contained language that departed significantly from a predecessor statute. The statute—28 U.S.C. § 763—had provided that when serving the United States, the plaintiff would be the one to mail process to the Attorney General. It said:

> *The plaintiff* shall cause a copy of his petition [in any suit against the United States] to be served upon the district attorney of the United States in the district wherein suit is brought and *shall mail* a copy of the same, by registered letter, to the Attorney General of the United States.

28 U.S.C. § 763 (1940) (emphasis added). But Rule 4(c) (which superseded any contrary statutory provision, *see* Rules Enabling Act, 28 U.S.C. § 2072(b); Fed. R. Civ. P. 4, advisory committee's note, 1937 Adoption) stated:

> The summons and complaint shall be served together. *The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows*:
> . . . .
> (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *and by sending a copy of the summons and of the complaint by registered mail to the Attorney General* of the United States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(d) (1937) (emphasis added). This language—which distinguishes between the "plaintiff" and the "person making service," and includes the mailing to the Attorney General as a component of how "[s]ervice

-12-

shall be made"—strongly implies that the mailing must be by the person effecting service. And Rule 4(c) permitted service only "by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose." *Id.* Rule 4(c). When the language of the original rule is compared to the statutory language, which clearly has the party doing the mailing, one must infer that the implication was not an oversight. *See* Wright & Miller, *supra*, at § 1106 n.15.

Additional support can be found in the legislative history of the statute that amended Rule 4 to expand the pool of potential process servers. The predecessor of Rule 4(c)(2) was enacted by Congress in the Federal Rules of Civil Procedure Amendments Act of 1982, Pub. L. No. 97-462, 96 Stat. 2527 (1983). The Supreme Court had transmitted to Congress in 1982 a rule change intended to reduce the burden on the Marshals Service of having to serve process for private parties in civil cases. *See* 128 Cong. Rec. H9848 (Dec. 15, 1982) *reprinted in* 1982 U.S.C.C.A.N. 4434, 4435, 1982 WL 25157 (Letter of Robert A. McConnell, Assistant Attorney General). Congress enacted a revised version of the proposed rule. New Rule 4(c)(2)(A) stated: "A summons and complaint shall, except as provided in subparagraphs (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age." *See* 96 Stat. at 2527. Subparagraph (B) permitted service in certain circumstances by a marshal, deputy marshal, or person specially appointed by the court. *See id.* Subparagraph (C) permitted both service in accordance with state law and service on

-13-

nongovernmental parties by first-class mail (as in current Rule 4(d)).  *See id.*

Although no congressional committee submitted a report during the enactment

process, Representative Edwards of the House Judiciary Committee (one of two

representatives who introduced the bill) placed in the Congressional Record a

section-by-section analysis of the bill.  1982 U.S.C.C.A.N. at 4434 (statement by

Rep. Edwards).  It states that the bill "sets forth the general rule that summonses

and complaints shall be served by someone who is at least 18 years old and not a

party to the action or proceeding."  *Id.* at 4443.  And it specifically notes that the

methods of service authorized by Rule 4(c)(2)(C) (service in accordance with

state law and service by mail) "may be invoked by any person seeking to effect

service.  Thus, a *nonparty adult* who receives the summons and complaint for

service under Rule(c)(1) *may serve them* personally or *by mail* in the manner

authorized by Rule 4(c)(2)(C)(ii)."  *Id.* at 4444 n.20 (emphasis added).  The

analysis thus expressed an understanding that the mailing must be by an

authorized process server, not a party.

Supporting our conclusion, the courts to consider the matter have ruled that

even when service by mail is proper, it cannot be a party who mails it.  *See*

*Lechner v. Citimortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *2

(N.D. Tex. July 29, 2009) (unpublished); *Walker v. Pharm. Research & Mfrs. of*

*Am.*, 569 F. Supp. 2d 209, 214–15 (D.D.C. 2008); *Smith v. United States*, 475 F.

Supp. 2d 1, 9 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37, 46

(D.D.C. 2006) ("Read together, then, Rules 4(i)(1) and 4(c)(2) direct that service upon the United States be made (1) by a person . . . age 18 or older (2) who is not a party (3) either through in-person delivery or sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought.").[7]

---

[7]We note that the present language of Rule 4(i) could be read to permit a party herself to mail process to the Attorney General. It states, in pertinent part:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>> **(1) *United States*.** *To serve the United States, a party must*:
>>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>>> (B) *send a copy of each* by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A), (B) (emphasis added). But that language was introduced in the 2007 style revision to the Federal Rules of Civil Procedure, and the language change was not intended to produce a substantive change but "to be stylistic only." Fed. R. Civ. P. 4, advisory committee's note, 2007 Amendments. The immediately preceding version of Rule 4 spoke in language like that of original Rule 4; it said: "Service upon the United States shall be effected . . . (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General . . . ." Fed. R. Civ. P. 4(i)(1) (2000). In other words, mailing was part of the duty of the process server. Moreover, the 2007 style revision also provides that "[t]o serve the United States, a party must . . . deliver a copy of the summons and of the complaint to the United States attorney," Fed. R. Civ. P. 4(i)(1)(A)(i); and we are confident that the revision was

(continued...)

-15-

The third relevant provision regarding service is Federal Rule of Civil Procedure 4(m), which requires that service be effected within 120 days of the complaint's filing. The 120-day period runs from the filing of the initial complaint; later amendments to the complaint do not change the time limit except for newly added parties. *See Bolden*, 441 F.3d at 1148–49. If service has not been completed within that period, the court can dismiss the case without prejudice or order that service be completed within a certain time. *See* Fed. R. Civ. P. 4(m). If the party can show good cause why service has not been made, the court must extend the time for service. *See id.*

## B.     Ms. Constien's Efforts at Service

Ms. Constien filed her initial complaint on August 7, 2009. She then mailed a summons to each of the four DOE officials. On November 20 she moved for entry of default because none of the defendants had answered. Four days later the district court denied the motion, noting that the United States attorney had not been served.

After filing the amended complaint on December 2, 2009, Ms. Constien again mailed a summons to each of the DOE officials, and she also mailed

---

[7](...continued)
not intended to change the long-recognized requirement that only a process server, not the party, can serve process by personally delivering the documents. Hence, we read the language in present Rule 4(i) that "a party must send a copy . . . to the Attorney General" as implicitly incorporating the requirement that the party act through a proper process server.

process to the Attorney General and the United States attorney for the Western District of Oklahoma. On December 14 and 21, Assistant United States Attorney R. D. Evans Jr. sent Ms. Constien letters stating that the government did not believe that it had properly been served, that it could not waive defects in service, and that failure to effect service properly could lead to dismissal of the case.

When service had still not been properly effected, the government moved to dismiss on January 8, 2010. On April 30 the district court found that Ms. Constien had failed to comply with Rule 4, specifically noting that she had improperly tried to act as her own process server. The district court did not dismiss the case; instead it ordered Ms. Constien to serve the defendants properly by May 20 or face dismissal.

On May 10, 2010, the Attorney General received a certified-mail delivery of Ms. Constien's motion for default. The return address label bore the name "Joan Gaye Croft" and the same post office box used by Ms. Constien. The certified mail did not include either the complaint or the summons. On May 13 a deputy United States Marshal served Evans, the assistant United States attorney handling the case. But he had not been designated to accept service of process and so informed Ms. Constien in a letter dated May 17.[8]

---

[8] As discussed *supra* note 6, it is not clear that Evans was correct in stating that he could not accept service; delivery to an assistant United States attorney may be proper even if the assistant is not designated to accept service.

On May 21, 2010, the government, believing that Ms. Constien still had not effected service, renewed its motion to dismiss all defendants. This time the motion was granted. The district court found that there was no evidence of service on the Attorney General, the United States attorney or his designee, or any defendant. The court dismissed the case without prejudice in a four-page order on June 24.[9]

## C.    Application of Civil Rule 4 to This Case

By the court-imposed deadline of May 20, 2010, the only proper service effected by Ms. Constien was service by a deputy marshal on Assistant United States Attorney Evans. But even if Evans was a proper person to receive service, no defendant was properly served because service on each required service by mail on the Attorney General, s*ee* Fed. R. Civ. P. 4(i); and the only mailing of process to the Attorney General had been by Ms. Constien herself, not by a nonparty, as required by Rule 4(c). Ms. Constien made no argument in district court that her failure to serve the defendants was justified by good cause, nor does she argue good cause on appeal. *See* Fed. R. Civ. P. 4(m) (requiring district court to extend time for service "for an appropriate period" if "plaintiff shows good cause for the failure" to serve properly). Several times before the May 20

---

[9]Ms. Constien eventually filed proofs of service stating that the DOE officials had been served by United States Marshals on June 14 and July 8, 2010. She also filed a proof of service stating that a Deputy United States Marshal had served the Attorney General on June 21 by delivery to a mail clerk. The district court's deadline for service, however, was May 20.

deadline, she received notice from both the court and the government that her service of process was faulty. Because Ms. Constien had not properly effected service on any defendant before expiration of Rule 4(m)'s 120-day time limit for service or the extension granted by the district court, the court did not abuse its discretion in dismissing her claims without prejudice.

## III. CONCLUSION

We AFFIRM the judgment of the district court.