FILED
United States Court of Appeals
Tenth Circuit

May 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS N. WILLIAMS,

        Plaintiff - Appellant,

    v.

JUSTIN JONES, Director DOC; DON
SUTTMILLER, Chief Medical
Administrator; GENESE MCCOY,
Medical Services Administrator;
CARRIE GARZA, Health Services
Administrator; DONNA CARTER,
Medical Administrative Asst; JEFF
TROUTT, Doctor,

        Defendants - Appellees.

No. 12-6002

(W.D. Oklahoma)

(D.C. No. 5:11-CV-00225-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Thomas N. Williams, an Oklahoma state prisoner, appeals the dismissal of

his claims under 42 U.S.C. § 1983 that certain Oklahoma Department of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Corrections (DOC) officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.   BACKGROUND

On March 2, 2011, Mr. Williams filed his complaint in the United States District Court for the Western District of Oklahoma against six defendants in their individual and official capacities:  Justin Jones, Director of the DOC; Dr. Don Suttmiller, DOC Chief Medical Administrator; Genese McCoy, DOC Medical Services Administrator; Carrie Garza, Correctional Health Services Administrator for the Oklahoma State Reformatory (OSR) in Granite, Oklahoma, where Mr. Williams was confined; Donna Carter, Medical Administrator Assistant at OSR; and Dr. Jeffrey Troutt, a physician employed by DOC.  He argued that the defendants were deliberately indifferent to the deterioration of his urologic condition and caused unreasonable delays in scheduling needed appointments with urologists and surgeons at Oklahoma University Medical Center (OUMC).

On April 1 Mr. Williams requested that the court clerk issue a summons for each defendant; they were issued on April 4 and delivered to the U.S. Marshal's Service (USMS).  On July 22 he filed a motion seeking an order to direct the USMS "to find Defendant Carrie Garza so she can be served the summons" because he did not have her current work or home address; the motion asserted that her address could be obtained from Defendant Jones.  Motion for

Discovery to Serve Summons at 1, *Williams v. Jones*, No. CIV-11-225-C (W.D. Okla. July 22, 2011). But a few days later, on July 25, the USMS returned Ms. Garza's summons, stating: "Garza is no longer employed by OSR Granite. Personnel office did not have an address or new place of employment for Garza." USMS Process Receipt and Return, *Williams,* CIV-11-225-C (W.D. Okla. July 25, 2011). On August 2 the magistrate judge denied Mr. Williams's motion, explaining that the return reflected that the USMS had made a reasonable effort to obtain an address and that it was Mr. Williams's responsibility to provide an accurate address.

Almost two months later, on September 28, the magistrate judge observed that Mr. Williams still had not served Ms. Garza and directed him to show cause why his claim against her should not be dismissed without prejudice for his failure to serve her within the 120-day time period prescribed by Fed. R. Civ. P. 4(m). In response, Mr. Williams filed on October 14 a request for issuance of a summons to a new work address for Ms. Garza at Elkview General Hospital in Hobart, Oklahoma. The summons was issued by the court clerk on October 17. In addition, the magistrate judge construed Mr. Williams's October 14 request as a request for extension of time, and granted him until December 16 to effect service of process on Ms. Garza or face dismissal of the claim against her. On December 7, however, the USMS filed another return, which said: "Subject Garza works as a 'floater' as a nurse for several different organizations. Was not

at hospital and has moved from Hobart." USMS Process Receipt and Return, *Williams*, CIV-11-225-C (W.D. Okla. Dec. 7, 2011). On December 20 the magistrate judge recommended that the claim against Ms. Garza be dismissed without prejudice, stating that the USMS had made an adequate effort to effect service of process, that the extension of time had expired, that Mr. Williams had not requested additional time or shown good cause for not effecting service, and that an extension of time was not warranted under the circumstances. The district court adopted the recommendation of the magistrate judge.

All other defendants moved to dismiss or, alternatively, for summary judgment. The district court, adopting the recommendation of the magistrate judge, ruled (1) that the Eleventh Amendment barred the official-capacity claims; (2) that Mr. Jones, Dr. Suttmiller, and Ms. Carter would be dismissed as defendants because the complaint contained no allegations against them; and (3) that the only allegation against Ms. McCoy—that she had denied relief when he filed a grievance—failed to establish a cause of action because she was not alleged to be responsible for medical treatment or scheduling decisions, *see Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (alleged denial of grievance does not establish the required "affirmative link" between defendant and a constitutional violation (internal quotation marks omitted)). It also granted Dr. Troutt summary judgment because the evidence did not show sufficient involvement to support a claim of deliberate indifference. The court stated:

Plaintiff alleges only one instance in which Defendant Troutt treated him for his complaint of pain and swelling in his kidneys sometime after October 24, 2009, and only one instance in which Plaintiff submitted a Request to Staff to Defendant Troutt on January 2, 2007, concerning the failure of unidentified "OSR medical staff" to schedule Plaintiff for a return appointment with the OUMC urologist within 30 days, as ordered by the urologist on September 15, 2006. Plaintiff admits, however, that Defendant Garza "apologized [and] rescheduled the appointment with" OUMC and he was transported to OUMC for his appointment with a urologist on January 16, 2007. Because Plaintiff does not allege that Defendant Troutt was responsible for scheduling appointments with medi[c]al specialists outside of the prison or that Defendant Troutt denied medical treatment to Plaintiff or acted to delay medical treatment of Plaintiff for his urinary and kidney problems, Defendant Troutt's Motion for Summary Judgment with respect to Plaintiff's Eighth Amendment claims against him should be granted.

R., Vol. 1 at 212–13.

On appeal Mr. Williams argues that the claims dismissed with prejudice should have survived because the defendants knew of and disregarded the substantial risk of serious harm to his health; but he still fails to point to specifics of their individual involvement. He also contends that the district court improperly dismissed his claim against Ms. Garza because it was the USMS's failure to do its duty that caused her not to be served.

## II.    DISCUSSION

We review de novo the district court's grant of the motions to dismiss, *see Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and its grant of the motion for summary judgment, *see Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007). We affirm the judgment as to Mr. Jones,

-5-

Dr. Suttmiller, Ms. Carter, Ms. McCoy, and Dr. Troutt for essentially the reasons stated by the district court.

"We review under an abuse-of-discretion standard the decision to dismiss a defendant for failure of proper service." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (internal quotation marks omitted). We affirm the dismissal without prejudice of the claims against Ms. Garza because it was within the district court's discretion to hold that the circumstances did not justify an extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause [for not effecting service], the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.").

## III. CONCLUSION

We AFFIRM the judgment of the district court. Also, we GRANT Mr. Williams's amended motion to supplement the record with the response he filed in district court to the defendants' motion to dismiss or for summary judgment, and we DENY his motion to correct his opening brief. We GRANT Mr. Williams's motion to proceed *in forma pauperis* but remind him that he

-6-

remains responsible for making partial payments until the entire fee is paid.

                              ENTERED FOR THE COURT


                              Harris L Hartz
                              Circuit Judge