**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KARI T. MORRISSEY, as Personal
Representative of the Estate of Michael
Crespin, deceased,

     Plaintiff - Appellant,

v.

ROBERT ULIBARRI; HARVEY J.
FEATHERSTONE, M.D.; MONIQUE
GIBSON, M.D.; STACY COREY; DANA
TAPIA; ELIZABETH BURNETT, in their
individual capacities; WEXFORD
HEALTH SOURCES, INC.; JOSEPH
ROMERO; CHRISTINE VALLEJOS,

     Defendants - Appellees.

No. 13-2061
(D.C. No. 1:08-CV-00246-WJ-RHS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

     This matter comes on for consideration of the parties' responses to this court's

order of April 30, 2013. Upon consideration thereof, the district court order of March 13,

2013 is affirmed.

---

     [**] After examining the briefs, this panel has determined unanimously that oral
argument would not materially assist the determination of this appeal. See Fed. R. App.
P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The plaintiff appeals an order of the district court entered March 13, 2013 which denied her "Motion to Clarify the Record Through Amendment and/or Dismissal, and to Enter Final Judgment." She also attempts to appeal an order of the district court entered April 28, 2010 granting summary judgment to two of the defendants.

The plaintiff argues that the November 29, 2010 stipulated order of dismissal which dismissed the remaining defendants with prejudice did not act as a final order because all of the parties did not sign the stipulation. The plaintiff relies on Fed. R. Civ. P. 41(a)(ii) which provides that a case may be dismissed without court order if all the parties sign the stipulation of dismissal. However, here, the remaining parties were dismissed by order of the court pursuant to a stipulation by the parties. *See* Dist. Ct. Doc. No. 164. Thus, there is no requirement that all of the parties sign the stipulation.

Once all of the parties were dismissed with prejudice the orders became final and appealable. *See Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999) (a final decision is one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'") (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988)). A separate Rule 58 judgment is not required to render an order final. *See* Fed. R. App. P. 4(a)(7)(b) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule Civil Procedure 58(a)(1) does not affect the validity of an appeal from that judgment or order." *See also Koch v. City of Del City*, 660 F.3d 1228, 1236 n.2 ("'[i]f no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review.'") (quoting *Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1416 n.3 (10th Cir. 1996)); *Constien v. United*

*States,* 628 F.3d 1207, 1211-12 (10th Cir. 2010) (discussing the rational for Rule 58 and explaining its basis is found in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-5 (1978)), *cert. denied*, 131 S.Ct. 2884 (2011).

Moreover, the plaintiff's argument ignores the clear language of Rule 58. Rule 58(c)(2) provides that:

> if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>
> > (A) it is set out in a separate document; or
> >
> > (B) 150 days have run from the entry in the civil docket.

Under Rule 58(c)(2)(B), as determined by the district court, judgment was deemed entered 150 days from November 29, 2010, which was April 28, 2011. Thus, the last day to appeal the grant of summary judgment was Tuesday, May 31, 2011. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A) and 26(a)(1)(C); Fed. R. Civ. P. 6(a)(1)(C).

The district court correctly determined that the order which dismissed the remaining claims pursuant to the stipulated dismissal entered into by the remaining parties became final and appealable by operation of Rule 58(c)(2)(B) 150 days after entry of the order on November 29, 2010, and the court did not err in denying the plaintiff's motion to clarify the record and to enter final judgment.

The district court order is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

PER CURIAM