FILED
United States Court of Appeals
Tenth Circuit

July 1, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAXINE SHEPARD,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS; UNITED
STATES DEPARTMENT OF
DEFENSE,

    Defendants - Appellees.

No. 19-1313
(D.C. No. 1:18-CV-01098-PAB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Ms. Maxine Shepard sued the Departments of Defense and Veterans

Affairs,[1] alleging that they had secretly installed microchips in her and her

---

[*]    The panel concludes that oral argument would not help in the decision, so we are deciding the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1]    Ms. Shepard also sued St. David's North Austin Medical Center. But she does not appeal any rulings involving St. David's.

pet. The district court dismissed the action for failure to properly serve the federal government, and we affirm.

Because Ms. Shepard was suing two federal agencies, she had to comply with Fed. R. Civ. P. 4. Under this rule, Ms. Shepard had 90 days to serve the U.S. Attorney (or a designated substitute), the U.S. Attorney General, the Department of Defense, and the Department of Veterans Affairs. Fed. R. Civ. P. 4(i)(1)-(2), 4(m).

Shortly after filing the complaint, Ms. Shepard sent Federal Express packages of the complaint to the Departments of Defense and Veterans Affairs. But this step didn't effect service on either agency for two reasons:

1.    Federal Express is not a permissible way to serve a federal agency. *See* Fed. R. Civ. P. 4(i)(2) (stating that the plaintiff must serve a federal agency by registered or certified mail).

2.    Ms. Shepard could not mail the packages herself because she is a party. Fed. R. Civ. P. 4(c)(2); *see Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.").

And Ms. Shepard hadn't served the U.S. Attorney or the U.S. Attorney General.

Ms. Shepard then filed an amended complaint but did nothing further to serve the U.S. Attorney, the U.S. Attorney General, the Department of Defense, or the Department of Veterans Affairs. Almost a year passed, and Ms. Shepard had still not properly served the U.S. Attorney, the U.S.

2

Attorney General, the Department of Defense, or the Department of Veterans Affairs. So the magistrate judge ordered Ms. Shepard to show cause why the action shouldn't be dismissed for failure to effect service. Ms. Shepard responded, but she failed to take further action to effect service. The district judge ultimately ordered dismissal without prejudice based on Ms. Shepard's failure to effect service.

We review the dismissal for an abuse of discretion. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010). In our view, the district court did not abuse its discretion.

In applying the abuse-of-discretion standard, we consider both Ms. Shepard's pro se status and the complexities of serving federal agencies. *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).

Ms. Shepard failed to properly effect service. She did nothing to serve the U.S. Attorney or U.S. Attorney General. And even though she sent the initial complaint to the Department of Defense and Department of Veterans Affairs, this service was a nullity. Ms. Shepard could not mail the service copies herself because she was a party, and she sent the complaint by Federal Express rather than registered or certified mail. Even if she had properly served the agencies with the initial complaint, however, this service would quickly have become obsolete because Ms. Shepard then amended the complaint and never sent it to anyone.

3

We thus consider whether the district court abused its discretion in declining to extend Ms. Shepard's time to effect service. An extension of time may be mandatory or permissive. Fed. R. Civ. P. 4(m).

An extension of time would be mandatory in two situations: (1) if Ms. Shepard had served the U.S. Attorney or U.S. Attorney General or (2) if Ms. Shepard had shown good cause for an extension of time. Fed R. Civ. P. 4(i)(4), 4(m). The first situation doesn't exist because Ms. Shepard didn't serve either the U.S. Attorney or U.S. Attorney General. The remaining issue is whether Ms. Shepard had shown good cause for an extension. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Though Ms. Shepard was pro se, her ignorance of the rules would not ordinarily constitute good cause. *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 176 (10th Cir. 1996). Ms. Shepard states that she showed good cause by trying to comply with the rule. But after the magistrate judge issued the show-cause order, Ms. Shepard had 72 days to effect service. Yet there's no indication that she made any effort to mail the first amended complaint and summons to the U.S. Attorney, U.S. Attorney General, the Department of Defense, or the Department of Veterans Affairs. Nor did Ms. Shepard explain her failure to effect service. So the district court did not abuse its discretion in declining to find good cause for an extension of time.

4

Despite the lack of good cause, the district court could have still given a permissive extension. *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995). In determining whether to grant a permissive extension, the pertinent considerations include Ms. Shepard's pro se status, the complexity of the service requirements for federal agencies, the danger of prejudice to the defendants, and the possible expiration of the statute of limitations on the claims. *See id.* The district court determined that only Ms. Shepard's pro se status favored granting an extension.

On appeal, Ms. Shepard contends that her claims are now time-barred. But Ms. Shepard didn't argue in district court that the claims would be time-barred, forfeiting the argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011) (holding that unpreserved arguments may not be considered on appeal absent a showing of plain error).

The district court properly acknowledged the complexity of the service requirements. But Ms. Shepard didn't properly serve any federal employee or entity.

The court also considered the danger of prejudice, reasoning that the delay in serving the agencies could impede the agencies' burden of gathering evidence.

Ms. Shepard denies that the agencies were prejudiced, insisting that President Obama, members of Congress, and Senators were aware of her

5

complaint. But Ms. Shepard has presented no evidence of such knowledge or suggested how the Departments of Defense and Veterans Affairs could have known of the first amended complaint when she hadn't sent it to anyone.

Viewing these considerations as a whole, the district court acted within its discretion in denying a permissive extension of time. Indeed, even without the extension of time, Ms. Shepard could have taken further steps to effect service once she was ordered to show cause for her failure to effect timely service. She still took no further action, and the court finally dismissed the action 72 days later. Given Ms. Shepard's inaction and failure to provide a meaningful excuse for her delay, we conclude that the district court acted within its discretion. We thus affirm the dismissal without prejudice.

Entered for the Court

Robert E. Bacharach
Circuit Judge

6