FILED
United States Court of Appeals
Tenth Circuit

April 24, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MOREHEI PIERCE,

    Plaintiff - Appellant,

v.

KRIS KOBACH; JEFF ZMUDA;
WILLIAM WADDINGTON,

    Defendants - Appellees.

No. 24-3008
(D.C. No. 5:23-CV-04077-HLT)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Morehei Pierce, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim and failure to serve a summons on Defendant William Waddington. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2020, Pierce was incarcerated at a maximum-security prison in Kansas. Complaining of the prison's response to the COVID-19 epidemic, Pierce sued Kansas Attorney General Kris Kobach, Kansas Secretary of Corrections Jeff Zmuda, and Warden William Waddington under 42 U.S.C. § 1983. In his complaint, Pierce alleges that prison officials moved COVID-19-infected inmates into his cellblock; that the officials refused his request to be moved out of his cellblock; and that he then contracted COVID-19. Pierce concludes that "the defendants deliberately infected him with COVID-19." R. at 9. Because he allegedly suffers from "long covid," Pierce seeks $7,500,000 in damages. R. at 8.

After filing his complaint, Pierce moved to proceed in forma pauperis (IFP) in the district court, which if granted allows a plaintiff to avoid prepaying filing fees and directs that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). The district court granted his IFP motion but ordered that the summons not be served until the court screened Pierce's complaint for merit under § 1915(e)(2)(B). As the screener, a magistrate judge construed the complaint "as asserting an Eighth Amendment claim for deliberate indifference to his medical needs." R. at 20. "[A]t this screening stage," the magistrate judge ruled that Pierce had pleaded a plausible claim against Warden Waddington. R. at 21. But because Pierce had

2

alleged no "facts implicating [defendants] Kobach or Zmuda," the magistrate judge recommended that these defendants be dismissed. *Id.*

Pierce objected to the magistrate judge's recommendation, but rather than amending his complaint, he advanced further factual allegations against Attorney General Kobach and Secretary Zmuda. In his objection, Pierce argued that Attorney General Kobach and Secretary Zmuda knew of Pierce's alleged mistreatment because Pierce had sent a letter to the Attorney General's office. After reviewing Pierce's complaint, the magistrate judge's recommendation, and Pierce's objection, the district court dismissed Attorney General Kobach and Secretary Zmuda, concluding that the "complaint does not mention any conduct by either" of them. R. at 27.

With Attorney General Kobach and Secretary Zmuda dismissed, the district court ordered the United States Marshals Service to serve Warden Waddington. The Marshal attempted to serve him through certified mail, using the address that Pierce had listed on the complaint. But the summons and complaint were returned unexecuted. Observing that "Waddington is no longer at the address Pierce provided," the district court ordered Pierce to provide the correct, updated address within three weeks. R. at 29. The court cautioned Pierce that failing to do so would result in the dismissal of his complaint.

Pierce timely responded, but rather than providing an updated address, he requested service by publication. The district court declined "to direct a particular method of service by the [Marshal]," but the court ordered the

Marshal "to pursue another avenue to serve Waddington—be it publication or something else." R. at 33. In response, the Marshal advised the court that, without an address, he could not serve Warden Waddington. The court then ordered Pierce to show cause why his complaint should not be dismissed. When Pierce failed to do so, the court dismissed the complaint for failure to serve Warden Waddington with the summons. Pierce timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's "decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). And we review for an abuse of discretion the district court's decision to dismiss a defendant for failure to serve a summons on that defendant. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

## DISCUSSION

We first consider the dismissal of Attorney General Kobach and Secretary Zmuda before turning to Warden Waddington.

## I.    Attorney General Kobach and Secretary Zmuda

When reviewing a pro se complaint dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, we apply the same standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Kay*, 500 F.3d at 1218. That is, we review the complaint to see if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

4

*VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). We accept as true "well-pleaded factual allegations," but we "need not accept conclusory allegations without supporting factual averments." *Id.* at 1159 (cleaned up). Because Pierce proceeds pro se, we construe his complaint liberally. *See Kay*, 500 F.3d at 1218.

Pierce advances § 1983 claims against Attorney General Kobach and Secretary Zmuda as the supervisors of state-prison officials. But § 1983 "does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates." *Burke v. Regaldo*, 935 F.3d 960, 997 (10th Cir. 2019); *see also Wise v. Caffey*, 72 F.4th 1199, 1210 (10th Cir. 2023) ("Supervisor status alone is insufficient to hold a defendant liable." (citation omitted)). So to state a supervisory-liability claim against Attorney General Kobach and Secretary Zmuda, Pierce must plausibly allege three elements: (1) the defendants' personal involvement, (2) causation, and (3) state of mind. *Wise*, 72 F.4th at 1210.

To satisfy the personal-involvement element, Pierce must plead "an affirmative link between the supervisor and the constitutional violation." *Burke*, 935 F.3d at 997. An "affirmative link" exists when a supervisor "promulgate[s]," "create[s]," or "possesse[s] responsibility for the continued

5

operation of a policy." *Id.* (citation omitted). To prove causation, Pierce must show "that the defendant's alleged action(s) caused the constitutional violation by setting in motion a series of events that the defendant knew or reasonably should have known would cause [subordinates] to deprive [Pierce] of [his] constitutional rights." *Id.* (citation omitted). And to satisfy the state-of-mind element for an Eighth Amendment violation, Pierce must show that Attorney General Kobach and Secretary Zmuda "acted with deliberate indifference." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (citations omitted). A supervisor acts with deliberate indifference when (1) he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," (2) he draws that inference, and (3) he fails "to take reasonable steps to alleviate that risk." *Id.* (cleaned up).

Pierce has not plausibly alleged personal involvement by Attorney General Kobach or Secretary Zmuda—an essential element of his claim. Instead, Pierce has alleged that prison guards improperly moved infected inmates into his cellblock and denied his request to be transferred from that cellblock. But he does not allege any facts from which a reasonable inference could be drawn that Attorney General Kobach or Secretary Zmuda had any "personal involvement" in the prison's handling of sick inmates. *See Wise*, 72 F.4th at 1210. At most, in his objection to the magistrate judge's recommendation, he alleges that he sent a letter to the Attorney General's office and received no response. But that allegation does not show that either

6

Attorney General Kobach or Secretary Zmuda "promulgated, created, . . . or possessed responsibility for the continued operation of" the policy that caused sick inmates to be moved into Pierce's cellblock. *Burke*, 935 F.3d at 997. Because Pierce failed to plausibly allege a claim against Attorney General Kobach and Secretary Zmuda, the district court properly dismissed these defendants under § 1915(e)(2).

## II.    Warden Waddington

An IFP plaintiff may rely on the Marshal to serve process. 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3). When a Marshal fails to serve a defendant, an IFP plaintiff bears no fault so long as "there is no evidence in the record that [the plaintiff] failed to cooperate with the U.S. Marshals." *Olsen v. Mapes*, 333 F.3d 1199, 1204–05 (10th Cir. 2003). "But the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988)); *accord Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.").

Pierce is at fault for the Marshal's failure to serve Warden Waddington because he failed to provide the correct address, despite several opportunities to do so. Pierce failed to provide the proper address when filing his complaint;

7

he failed again when ordered to provide the correct address; and he failed a third time when ordered to show cause. And instead of specifying what steps he took (or would take) to discover the Warden's address, Pierce merely asked the district court to order service by publication. By failing to provide the correct address, Pierce sought to require that the Marshal locate and serve Warden Waddington. But that is not a permissible use of IFP status. *See Pemberton*, 673 F. App'x at 864; *Fields*, 511 F.3d at 1113. Thus, the district court acted within its discretion by dismissing Warden Waddington. *See* Fed. R. Civ. P. 4(m) (requiring the district court to dismiss an action when a plaintiff fails to serve the defendant with a summons).

## CONCLUSION

For all these reasons, we affirm the district court's orders dismissing Pierce's claims against Attorney General Kobach, Secretary Zmuda, and Warden Waddington. We dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge