**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1722
_____

JOHN M. GERA,
 Appellant

v.

BOROUGH OF FRACKVILLE; MARK SEMANCHIK; RICHARD BELL;
DEVIN BUCCIERI; BRENDA DEETER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00469)
District Judge:  Honorable Julia K. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2025
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John M. Gera appeals *pro se* from the District Court's order dismissing his second amended complaint with prejudice. We will affirm.

I.

Gera initiated this matter in March 2020 by filing a complaint against the Borough of Frackville in Schuylkill County, Pennsylvania, and several Borough officials under, *inter alia*, 42 U.S.C. § 1983. He alleges that defendants conspired to violate his civil rights by investigating a complaint the police had received regarding his interaction with a waitress at a local restaurant—which they closed quickly without arresting or charging Gera—and then by frustrating his efforts to obtain records under the Commonwealth's Right-to-Know Law. The parties exhaustively litigated Gera's records demands in state court; the Commonwealth and Supreme Courts of Pennsylvania ultimately denied his request for relief. See Gera v. Borough of Frackville, No. 192 C.D. 2020, 2021 WL 1573834 (Pa. Cmwlth. Ct. Apr. 22, 2021), *allocatur denied*, No. 109 MM 2021 (Pa. Jan. 4, 2022).

Relevant here, Gera personally served defendants via first-class mail by depositing the summons and complaint within the United States Postal Service on March 27, 2020. On May 5, defendants moved to dismiss the complaint for insufficient service and for failure to state a claim under Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Gera requested an entry of default two days later, and he moved for summary judgment a few days after that. He then effectuated service via the

2

Schuylkill County Sheriff's Department on May 18. Gera subsequently renewed his request for an entry of default, this time with an accompanying affidavit. The District Court referred the matter to a United States Magistrate Judge, who recommended granting defendants' motion *in toto* and denying Gera's. The District Court overruled Gera's objections and adopted the report and recommendation.

The process repeated itself with Gera's amended and second amended complaints. Dismissing the latter with prejudice, the District Court reiterated that Gera's requests for default were unavailing because he failed to properly serve defendants, and that summary judgment was premature because the parties had not yet exchanged discovery. As for defendants' motion, the court concluded that: (1) Gera's challenge to the denial of records was thoroughly litigated in state court and thus was barred by the Rooker-Feldman Doctrine; (2) several of the statutes Gera cited in support of his claims do not provide a private cause of action; (3) Gera failed to adequately allege that defendants deprived him of a liberty interest, a necessary element of his Section 1983 claims; (4) his conspiracy claims fail in the absence of an underlying constitutional violation; (5) dismissal of Gera's pendent state law claims is appropriate given the rejection of his federal claims; and (6) no further leave to amend would be granted because Gera twice amended his complaint but failed to cure pleading deficiencies that previously had been pointed out to him by the court. Gera appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 12(b)(6) *de novo*. Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014). A District Court's refusal to enter a default judgment is reviewed for abuse of discretion. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## III.

Gera forfeited any challenge to the District Court's ruling on appellees' motion to dismiss by not raising one in his appellate brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-48 (3d Cir. 2017). Instead, he insists that he is entitled to default judgment because appellees did not timely answer his original complaint. He is mistaken.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for securing default judgment. At step one, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Only then may default judgment be entered, either (1) by the Clerk, "on the plaintiff's request, with an affidavit showing the amount due," "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or (2) in all other cases, by the District Court upon the plaintiff's application, following a hearing if

4

necessary. See Fed. R. Civ. P. 55(b)(1)-(2). Entry of defaults and default judgments are disfavored in this Court, so "doubtful cases" should be resolved in favor of the party against whom one is sought. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).

Gera's argument fails for a few reasons. His first request for entry of default in May 2020 was not accompanied by an affidavit or comparable certification establishing appellees' failure to timely answer the complaint. Although he included affidavits with his second and third requests in March 2021 and April 2022, by that point appellees had already filed their motion to dismiss—indeed, they filed it days before Gera first sought entry of default—so he is not likely to be able to show that he was prejudiced by the slight delay. Even assuming, *arguendo*, that the Clerk of Court should have entered default upon Gera's first motion, he was not entitled to default judgment because his claim was not for a sum certain, he did not submit an affidavit setting forth his damages calculations, and he did not otherwise present the District Court with a proper application.

Moreover, the District Court correctly determined that Gera's first attempt to serve appellees by mailing the summons and complaint to them through the United States Postal Service was insufficient to establish personal jurisdiction over them. Rule 4 of the Federal Rules of Civil Procedure generally authorizes service by any adult "who is . . .

not a party." <u>See</u> Fed. R. Civ. P. 4(c)(2). Service may also be effectuated within a judicial district of the United States in accordance with the law governing service "in the state where the district court is located or where service is made." <u>See</u> Fed. R. Civ. P. 4(e)(1). Pennsylvania law permits service by a sheriff or, in some circumstances, another "competent adult," <u>see</u> Pa. R. Civ. P. 400—*i.e.*, "an individual eighteen years or older who is neither a party to the action nor an employee or a relative of a party," Pa. R. Civ. P. 76. Gera is not a "competent adult" within the meaning of Pennsylvania's rules for serving original process, and "only a nonparty can place the summons and complaint in the mail" under the Federal Rules. <u>See</u> <u>Constien v. United States</u>, 628 F.3d 1207, 1213 (10th Cir. 2010) (citing 4B Charles A Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n.15 (3d ed. 2002)). Because Gera's initial attempt at service was improper, appellees motion to dismiss was deemed timely in accordance with Rule 12, and neither default nor summary judgment was warranted.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] We authorized appellees to file a supplemental appendix, which adds certain documents relied upon by the District Court. Gera's motion to strike this submission is denied, and appellees' motion to strike Gera's motion is denied as moot.