IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 08, 2025 12:25 PM
ST-2025-CV-00163
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| IRMA D. PEETS, | ) | **CASE NO. ST-2025-CV-00138** |
| | ) | |
| Plaintiff, | ) | **ACTION TO QUIET TITLE and** |
| | ) | **ADVERSE POSSESSION** |
| v. | ) | |
| | ) | |
| BASIL M. PEETS; CLIVE S. PEETS; | ) | |
| ERNESTINE PEETS, and ALL | ) | |
| PERSONS CLAIMING AN INTEREST | ) | |
| IN PARCEL 394-109 ESTATE ANN'S | ) | |
| RETREAT (TUTU), NO. 1 QUARTER, | ) | |
| U.S. VIRGIN ISLANDS, | ) | |
| | ) | |
| Defendants. | ) | |

**2025 VI Super 42U[1]**

**GAYLIN VOGEL, ESQUIRE**
**BARNES, D'AMOUR & VOGEL**
**St. Thomas, VI**
*Counsel for Plaintiff, Irma D. Peets*

---

## MEMORANDUM OPINION AND ORDER

¶1    **THIS MATTER** is before the Court on Plaintiff's "Motion for Default Judgment," filed

on September 2, 2025.[2] For the following reasons, ruling on the motion is deferred; and Plaintiff

---

[1] The present opinion has been designated unpublished for several reasons. There is little binding precedent from the Virgin Islands Supreme Court addressing what efforts in fact constitute "Due Diligence." There is also a lack of precedent addressing whether service by a disinterested person constitutes a requirement the violation of which is a fundamental error rendering any default judgment void (or whether such error is merely voidable upon a party's motion). Further, due to the procedural posture, there is no opposing party, which leaves the Court without the benefit of briefing from opposing viewpoints and the accompanying explication of the law. While no single decision of a Judge of the Superior Court is binding upon another judge, *stare decisis* dictates that the same judge follow prior precedent when presented with materially indistinguishable facts. However, this Court is hesitant to bind itself with its own precedent without the benefit of the sort of complete briefing that occurs when there are opposing parties.

[2] *See generally* V.I. E-FILING R. 5(d) (For filings approved by the Clerk, they are considered docketed as of the day of submission.); *see also* V.I. E-FILING R. 5(c).

### 2025 VI Super 42U

is ordered to, within 30 days, take such steps as necessary to establish *prima facie* Due Diligence and to ensure that the proper parties are named (or removed) from this litigation, as deceased people cannot be parties to ligation.

## BACKGROUND

¶2     The Court must ensure that the proper foundation for a valid "Final Judgment"[3] has been laid.[4] There are four requirements to a valid judgment: (1) subject matter jurisdiction, (2) personal jurisdiction, (3) a judgment limited to issues and relief sought in the pleading, and (4) compliance generally with due process (or said differently, the judgment is not otherwise void for lack of due process).[5] Because a valid judgment generally requires that the issues determined and relief granted be contained in the pleading,[6] which is operative at the time the judgment is entered,[7] the

---

[3] The V.I. Supreme Court has explained what a Final Judgment is, *e.g., Skepple v. Bank of N.S.,* 60 V.I. 700,714 & n.5 (V.I. 2018) ("A 'Final Order' ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. The entry of a Final Order implicitly denies all pending motions, and all prior interlocutory orders merge with the Final Order." (citing *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.,* 62 V.I. 728, 731 (V.I. 2015); *Ramirez v. People,* 56 V.I. 409, 416 (V.I. 2012) and citations in footnote)); *see generally Penn v. Mosley,* 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson,* 67 V.I. 861, 871-72 (V.I. 2017) (same); *Gov't of the V.I. v. Crooke,* 54 V.I. 237, 249-52 (V.I. 2010) (adopting Collateral Order rule for establishing a Final Judgment); *e.g., Demming v. Demming,* 66 V.I. 502, 506 (V.I. 2017) (holding that a divorce decree is a final judgment); *Cianci v. Chaput,* 68 V.I. 682, 688 (VI. 2016) (quoting *Matter of Estate of George,* 59 V.I. 913, 919 (V.I. 2013)); *Williams v. People,* 58 V.I. 341, 347-48 (V.I. 2013) (holding that a stay of execution of judgment does not render an order non-final).

[4] Because this matter is before the Court on a request for a default judgment, this Court must satisfy itself that all elements of a valid judgment are satisfied. *See Skepple,* 60 V.I. at 724 ("'[I]n all instances the jurisdiction of the court rendering the judgment may be inquired into, and . . . allow the defendant to show that the court had no jurisdiction over his person.' Therefore, even though [a defendant] has waived this argument, [the Court] must consider whether the default judgment was entered without the trial court having first obtained personal jurisdiction over [the defendant] because the issuance of a judgment by a court that has not obtained personal jurisdiction over a defendant is not a valid exercise of judicial power, and the judgment is premised on a fundamental error." (quoting *Thompson v. Whitman,* 85 U.S. (18 Wall.) 457, 463 (1874), and citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 139 (1912))); *id.* at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (citations omitted)).

[5] *Skepple,* 60 V.I. at 718; *see also Reynolds v. Stockton,* 140 U.S. 254, 268 (1891).

[6] *Id.* at 720 (issues determined in judgment must be the issues presented in the pleadings).

[7] *See generally World Fresh Markets, LLC v. Henry,* 71 V.I. 1161, 1166 (V.I. 2019) ("It is well established that, ordinarily, an amended filing supersedes any prior filing." (citing *Pacific Bell Tel. Co. v. Linkline Commc'n, Inc.,* 555 U.S. 438, 456 n.4 (2009); *Merz v. Civil Serv. Comm'n,* No. C-76677, 1977 WL 199794, at *2 (Ohio Ct. App. Sept. 7, 1977) (unpublished))); *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank,* 712 F.3d 165, 172 (3d Cir. 2013)

2025 VI Super 42U

Court must assure itself that the allegations and proposed default judgment are substantially similar in allegations and relief. No amended complaint has been filed, and the original, initiating, complaint is still operative. Therefore, the Court begins by summarizing the factual assertions in the complaint and motion for default judgment and then presents the procedural history.

## I. **Factual Background**

¶3    Plaintiff commenced this action on May 2, 2025,[8] and alleged, either by way of allegation or attached exhibit,[9] the following background.

¶4    By recorded deed[10] dated December 17, 2001, Basil M. Peets and Plaintiff, "husband and wife," were purported to be the grantees[11] of parcel:

---

("'[I]t is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio*.' It then explained that 'if certain facts or admissions from the original complaint become *functus officio*, they cannot be considered by the court on a motion to dismiss the amended complaint. A court cannot resuscitate these facts when assessing whether the amended complaint states a viable claim.'" (alterations omitted) (quoting *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1203-05 (7th Cir.1998))); *but see cf. Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 100 n.1 (3d Cir. 2017) ("[W]e consider as affidavits [plaintiff's original] sworn verified complaints, to the extent that they are based upon personal knowledge and set out facts that would be admissible in evidence." (citing FED. R. CIV. P. 56(c)(4); *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985))).

[8] *See generally* V.I.R. CIV. P. 3 (action commenced upon filing of complaint); V.I. E-FILING R. 5(d); *see also* V.I. E-FILING R. 5(c).

[9] The complaint contained three exhibits. The first was the December 17, 2001 deed purporting to grant Parcel 394-109 to Plaintiff and her, then, husband. A copy of the death certificate of Basil M. Peets as recorded in the Office of the Virgin Islands Recorder of Deeds. Exhibit three was the certificate of death of Ernestine Peets.

[10] Documents filed and recorded with the Office of the Virgin Islands Recorder of Deeds are public records subject to judicial notice. V.I.R. EVID. 201(b); *see Pedro v. Ranger Am. of the V.I., Inc.*, 63 V.I. 511, 525 (V.I. 2015) (Gomez, D.J., concurring in part) ("The certified docket and the parties' motions contained therein are not, and cannot reasonably be, controverted."). Because Defendants are in default, the court is not required to provide them the notice required in Rule 201(e). V.I.R. EVID. 201(e); V.I.R. CIV. P. 5(a)(2) (no service of filings subsequent to complaint on party against whom default has been entered); *cf.* V.I.R. CIV. P. 55(b) (defendant in default who has entered an appearance entitled to service of motion for default judgment).

[11] *See generally* BLACK'S LAW DICTIONARY at 720 (8th ed. 2004) (defining "grantee" as "One to whom property is conveyed"); *id.* (defining "grantor" as "One who conveys property to another"); *see also Est. Chocolate Hole Landowners' Ass'n, Inc. v. Cenni*, 79 V.I. 441, 452 (V.I. 2024) (A "'deed is a contract, and thus in most circumstances the principles of contract interpretation govern.'" (quoting *Streibich*, 74 V.I. at 502 (collecting cases))); *Victor v. Todman*, 79 V.I. 381, 412 & n.13 (V.I. 2024) ("A grant of an interest in land by deed is a contract." (citing *Dartmouth College v. Woodward*, 17 U.S. (4 Wheat.) 518, 590 (1819))); *id.* at 412 n.13 (citing and quoting parenthetically: "*Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 136 (1810) ("A contract is a compact between two or more parties, and is either executory or executed. An executory contract is one in which a party binds himself to do, or not to do, a particular thing .... A contract executed is one in which the object of the contract is performed; and this ... differs in nothing from a grant. ... A contract executed, as well as one which is executory, contains obligations binding on the parties. A grant,

2025 VI Super 42U

Parcel 394-109, Estate Anna's Retreat (Tutu)
No. 1 Quarter, St. Thomas, Virgin Islands
as shown on map drawn by Co-Build Companies, Inc
dated December 19, 1972, Public Works Department
File No. A9-167E-T71 [0 219 BMP[12]]

For ease of reference, this will be referred to as either the "Property" or "Parcel 394-109." This deed had only one "Subscribing Witness"[13] to the signatures of both grantor and grantee.

¶5     Plaintiff and her husband lived on the Property from the time of the deed until Basil Peets died on May 4, 2023.[14] Plaintiff then had a title search conducted on the property, and the title company identified the deed as being defective.[15] The grantors are deceased and cannot execute a corrective deed.[16] Therefore, Plaintiff has filed this action to settle title.

¶6     Plaintiff's motion for default judgment "seeks to quiet title" Parcel 394-109.[17] Likewise, the Plaintiff submitted the same three exhibits that were attached to the complaint in support of this motion. Therefore, "Plaintiff respectfully requests that this Court enter default judgment. Plaintiff requests that this Court quiet title in PARCEL 394-109 ESTATE ANNA'S RETREAT (TUTU), NO. 1 QUARTER., ST. THOMAS, U.S. VIRGIN ISLANDS, consisting of 0.219 U.S.

in its own nature, amounts to an extinguishment of the right of the grantor, and implies a contract not to reassert that right. A party is, therefore, always estopped by his own grant." (citing Blackstone)); BLACK'S L. DICT. at 719 (defining "grant" as "the formal transfer of real property"); id. ("An agreement that creates a right of any description other than the one held by the grantor. Examples include leases, easements, charges, patents, franchises, powers, and licenses"; "The document by which a transfer is effected; esp., Deed."; "The property or property right so transferred.").").

[12] This notation, transcribed in brackets here, was handwritten on the deed.

[13] See generally Alexander v. Alexander, 65 V.I. 372, 380 (V.I. 2016), amended, No. 2016-0012, 2016 WL 6805002 (V.I. Sept. 30, 2016) ("The meaning of section 42 is plain; it requires that two separate individuals, who witness a person sign a deed, 'subscribe their names to the deed as such.' Thus, the plain language of the statute requires that two witnesses' signatures be affixed to the deed and identified as subscribing witnesses." (alterations omitted) (quoting 28 V.I.C. § 42(a) (emphasis added); and citing McKoy v. DeSilvio, 974 So. 2d 539, 540 (Fla. Dist. Ct. App. 2008))).

[14] Compl., Ex. 2.

[15] Compl. para 11.

[16] Compl., para 6, 10, & Ex. 3.

[17] Mot. for Default Judg., p. 1.

2025 VI Super 42U

acres more or less, as shown on P.W.D Map No. A9-167E-T71, in Plaintiff Irma D. Peets. Quieting title will make the property insurable and marketable." Plaintiff further provides an affidavit that states she took possession of the property with her husband in February of 2002 and remained in possession of the Property since, paying "the real property taxes, insurance, utilities, repairs and improvements for the Property."[18]

## II.  **Procedural Background**

¶7     Plaintiff names Basil M. Peets, Clive S. Peets, and Ernestine Peets as Defendants and seeks judgment against them.[19] Plaintiff admits that each of these Defendants is deceased.[20]

¶8     On May 5, 2025, Plaintiff sought permission to serve all Defendants by publication.[21] Plaintiff explained that the three named defendants were deceased and that "There is no known estate to serve." Further, "all persons claiming an interest in Parcel 394-109 Estate Anna's Retreat (Tutu), No. 1 Quarter, St. Thomas, U.S. Virgin Islands are unknown defendants in this matter." Specifically, the Plaintiff requested permission to serve all Defendants by publication in the St. Thomas Source, a newspaper of general circulation in the Territory.

¶9     On July 8, 2025, Plaintiff provided notice to the Court to which was attached an invoice from the St. Thomas source and print-offs of the summons as printed on the website of the St. Thomas Source. No publisher's affidavit[22] authenticating the publication was provided.

---

[18] Mot. for Default Judg., Ex. 4.

[19] Compl.; Mot. for Default Judg.

[20] Compl., para 4, 5, 6, Ex. 1 (deed conveying for Estate of Clive S. Peets), Ex. 2, Ex. 3.

[21] May 5,2025, "Motion for Order for Service by Publication" ("Mot. for Serv. Pub."), p. 1.

[22] The Notice of Filing Proof of Service by Publication says that the affidavit of service is attached, but it is not. As discussed below, this is evidence indicating that Plaintiff merely failed to provide adequate proof of service, not that plaintiff failed to achieve service and, thus, provide legal notice. When there are facts tending to indicate a merely failure to adequately prove service of process, it is more appropriate to allow for filing of corrected proof.

2025 VI Super 42U

¶10     Default was entered against all defendants on August 7, 2025; and the present motion for default judgment was filed September 2, 2025.

## ANALYSIS

¶11     The Court must not knowingly commit error.[23] The parties to a case cannot stipulate to the law;[24] and every Court has the obligation to ensure it is only acting within its granted authority.[25] In particular, the Court is concerned that any judgment it may enter is not void.[26] Therefore, the Court first considers whether this is anything in the record requiring this Court to refrain from acting. Following this, the Court will consider if it would be appropriate to hold a default judgment hearing and enter judgment based upon the present record.

### I.     Subject Matter Jurisdiction

¶12     Section 76 of title 4 of the Virgin Islands Code provides that the Superior Court is a court of "general jurisdiction."[27] When the Legislature uses legal terminology, it is presumed the

---

[23] *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished).

[24] *Davis v. People*, 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015); *Dennery*, 2013 WL 206128, at *2)).

[25] *Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute. [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008))).

[26] *See generally Skepple*, 69 V.I. at 733 ("The distinction between a void judgment and one that erroneously decided a point of law or fact is crucial because an erroneous judgment is subject only to direct attack and is described as being 'voidable.' A judgment is void if it is 'so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.' These infirmities are jurisdictional defects or actions that deprive a party of legal notice and an opportunity to be heard, thus depriving the party of due process. From its inception, a void judgment is a legal nullity and without legal effect, and any defect cannot be cured." (citing *Davis v. Allied Mortgage Capital Corp.*, 53 V.I. 490, 502 (V.I. 2010); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *Roller v. Holly*, 176 U.S. 398, 414 (1900); *Rubin v. Johns*, 109 F.R.D. 174, 178 (D.V.I. App. Div. 1986))).

[27] *Evans Freke v. Evans Freke*, 75 V.I. 407, 450-51 (V.I. 2021) (Swan, J., Concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

2025 VI Super 42U

Legislature understood and intended to incorporate any existing meaning and presumptions, as Legislatures are presumed to know the law as it exists and legislate with that knowledge in mind.[28] Courts of general jurisdiction are presumed to have subject matter jurisdiction over any matter before them.[29] There are certain exceptions to this presumption and laws that would, under specific conditions, require the Court to refrain from acting.[30]

¶13    The record does not facially and obviously reflect any facts giving rise to such an exception to this Court's general jurisdiction[31] or that would otherwise require the Court to refrain from

---

[28] *E.g.*, *Alexander v. Wilson*, 73 V.I. 528, 535 (V.I. 2020) (Plaintiff "was not required to preemptively plead in his initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA. [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ." (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People*, 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells*, 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.*, 438 U.S. 422, 436 (1978); *Morisette v. United States*, 342 U.S. 246, 251-52 (1952))); *Baumann v. Pub. Emps. Relations Bd.*, 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike*, 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson*, 1 N.H 53, 55 (N.H. 1817); *Thurber v. Blackbourne*, 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.*, 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby*, 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People*, 60 V.I. 392, 404 (V.I. 2014)); *Brooks v. Gov't of the V.I.*, 58 V.I. 417, 428 (V.I. 2013); *Henderson v. Shinseki*, 562 U.S. 428,435 (2011))); *Cascen*, 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I.at 445 (Swan, J., Concurring) ("Lastly, regarding consideration of context, legislatures are presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27; *United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann*, 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[29] *Id.*, *see also Willis v. People*, 71 V.I. 789, 818 (V.I. 2019) (Swan, J., concurring) ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly. This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence." (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))).

[30] *See generally, e.g., Cianci*, 64 V.I. at 687–88 ("'Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court.'" (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases))).

[31] *Cf. Alexander*, 73 V.I. at 535 (In the Superior Court, a Plaintiff "need not plead jurisdictional facts until jurisdiction is properly drawn into question." (citation omitted)).

Peets v. Peets, et. al.
Case No. ST-2025-CV-00163
Memorandum Opinion and Order
Page 8 of 24

2025 VI Super 42U

acting. Further, there is nothing of public record that the Court is aware that might have divested

subject matter jurisdiction or otherwise required the Court to refrain from addressing this matter.

In the absence of an opposing party raising any specific challenge, the Court is satisfied that it is

acting within its general jurisdiction.

## II.   Service of Process[32]

¶14    "Due process protects the individual from coercion 'except by lawful judicial power.'"[33]

"Because a court cannot have jurisdiction over a defendant unless that defendant . . . had legal

notice, when the validity of a default judgment is being challenged, the first line of inquiry should

be to ask 'whether the court in which the judgment by default was taken, ever had jurisdiction as

to the defendant, so as to warrant the judgment entered against him by default'; 'no person can be

bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy;

that no person can be in default with respect to that which it never was incumbent upon him to

fulfill.'"[34] Such "[a] violation of due process rights will render a judgment void, and that judgment

'can have no force as to one on whom there has been no **service of process**, actual or constructive,

who has had no day in court, and no notice of any proceeding against him. That with respect to

---

[32] There are four aspects to a court's valid exercise of personal jurisdiction, process, service of process, statutory minimum contacts, and constitutional minimum contacts. 69 V.I. at 732 ("If the Superior Court is properly presented with a **challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service**, the court must hold an evidentiary hearing to resolve any factual dispute between the *prima facie* evidence contained in the affidavit of service and the evidence (*i.e.*, affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (emphasis added) (citations omitted)). The present matter concerns only service of process.
[33] *Id.* at 724 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).
[34] *Id.* at 729 (quoting *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339 (1853), and citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)).

2025 VI Super 42U

such a person, such judgment is absolutely void; he is no party to it and can no more be regarded as a party than can any and every other member of the community.'"[35]

¶15　Absent waiver or consent, legal notice is achieved only through an authorized[36] method of service of process.[37]　Service of process must be made by a "disinterested" non-party who is 18 years old or older.[38]　"An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is *prima facie* evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule."[39]

¶16　A failure to adequately prove service is not the same as a failure of service of process; and a failure to prove service does not render legal notice void.[40]　Additionally, invalid attempts at

---

[35] *Id.* at 718 (quoting *Harris*, 55 U.S. at 339 (emphasis added)).

[36] The Court notes that, in *Skepple*, the V.I. Supreme Court recognized that there are instances when service by a method authorized by statute cannot be achieved (whether due to jurisdictional/legal barriers or a defendant's efforts to avoid service) requiring use of what could be described as service by necessity. *See generally* 60 V.I. at 734 & n.27 (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (finding that service is effective when the server "pitched the papers through a hole in the screen door of [defendant's] apartment")). Consideration of the full scope of an "authorized" method of service is not within the subject of this opinion. *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1 ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.") (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)); *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[37] *Skepple*, 60 V.I. at 726 ("[U]nless a defendant has waived service, the defendant must either have consented to the particular method of service utilized or be served with process by a method that is authorized by law." (citing *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see generally id.* at 726-27 & nn.15-16 (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *Shriver Junior's Lessee v. Lynn*, 43 U.S. (2 How.) 43, 60 (1844)).

[38] V.I.R. CIV. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[39] *Skepple*, 60 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007-69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013-06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[40] V.I.R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see Daley-Jeffers v. Graham*, 69 V.I. 931, 940-41 (2018) ("Finally, this Court holds that the Superior Court's dismissal of Daley-Jeffers' claim for insufficient service of process amounted to an abuse of discretion. Daley-Jeffers' motion and exhibits filed in response to Graham's motion to dismiss for insufficient service of process clearly evidenced that she timely remedied her initially deficient service." The failure to provide such proof to the Court previously was a failure of proof of service.). "If the Superior Court is . . . presented with a challenge to personal jurisdiction, whether it is a challenge to

2025 VI Super 42U

service do not undermine prior or subsequent valid service.[41] As such, a party should generally be given the opportunity to submit corrected proof of service.[42] The Court will, therefore, strictly analyze the record and determine whether the proof of service submitted establishes *prima facie* proof of Due Diligence in order to determine if there is a failure of proof of service that can be corrected or any other issue that would render any judgement void.

¶17 Both statutes and Court rules establish various requirements to accomplish service of process. For example, the Courts' rules require that the person serving process must be "not a party"; and a statute requires the process server be "disinterested."[43] Also, court rules place a 120-day time limit for completion of service of process. Therefore, a discussion of statutory *vis-à-vis* rule interpretation is necessary. The Court then considers the application of those statutes and rules to the present record.

---

constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must hold an evidentiary hearing to resolve any factual dispute between the *prima facie* evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge. A failure to hold an evidentiary hearing is an abuse of discretion." *Skepple*, 69 V.I. at 732 (citations omitted). However, where there is no factual dispute and the record plainly discloses a lack of proof of service of process, the Court is obligated to evaluate the record to determine whether service was adequate. *Id.*

[41] *Daley-Jeffers*, 69 V.I. at 940–41 (Plaintiff "timely remedied [their] initially deficient service.").

[42] It is possible that extreme situations may arise where a plaintiff engages in extreme delay without informing the court of efforts to serve process or repeatedly fails to complete service of process that may warrant dismissal with prejudice. However, no such facts are presented here. *See generally Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713-16 (2010) ("Therefore, because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP 4(m).").

[43] *See generally Palermo v. World Fresh Mkt., L.L.C.*, 72 V.I. 415, 427 (V.I. Super. Ct. 2020) ("Section 82(d) of title 4 of the Virgin Islands Code provides that, 'where the law, or the Virgin Islands Rules of Civil Procedure, does not specifically require process to be served by an *officer of the court*, process may be directed to and served by a disinterested person named therein.' Clearly, the law distinguishes between 'officers of the court' who can serve process and subpoenas, and 'disinterested persons authorized and sworn to the truth of the return.'" (quoting 4 V.I.C. § 82(d) (alterations omitted))).

2025 VI Super 42U

## A. Principles and Cannons of Interpretation—Court Rules and Statutes

¶18   Court rules and statutes are generally interpreted by the same method. Although, rules are interpreted more flexibly with a focus on the rule's purpose in achieving a trial for the truth to meet the ends of justice.

¶19   "[A]ll endeavors of . . . interpretation begin with a thorough consideration of the . . . language, the . . . design, and the object of and policy underlying the statute [or rule], controlled by a presumption that the ordinary meaning of the chosen words manifests the legislative intent [of the statute or purpose of the rule]. The 'plain language,' that is to say, 'the intended meaning of words and phrases is gleaned from linguistic indicators such as subject matter, context, structure, and placement.'"[44] This Court is to apply the "Dictionary Definition Rule," which requires that:

> the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.[45]

"No rule [or statute] should be read literally if such a reading is contrary to its objective. Although literal interpretation is favored, 'the intention prevails over the letter.' Indeed, this [C]ourt has noted that 'the surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose.' As Justice Roger Traynor stated, we need 'literate, not literal, judges.'"[46]

---

[44] *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶63 (alterations and quotations omitted) (quoting *Willis*, 71 VI. at 824-25, 828-29)

[45] *Id.*, ¶66 (quoting *Greer*, 74 V.1. at 580 n.22).

[46] *Gov't of V.I. v. Knight*, 989 F.2d 619, 626-27 (3d Cir. 1993) (quoting 2A N. Singer, *Sutherland Statutory Construction* § 46.07, at 126 (5th ed. 1992); *Coco Bros., Inc. v. Pierce*, 741 F.2d 675, 679 (3d Cir.1984); R. Traynor, *Reasoning in a Circle of Law*, 56 Va. L. Rev. 739, 749 (1970), and citing *Viacom Int'l Inc. v. Federal Communications Comm'n*, 672 F.2d 1034, 1040 (2d Cir.1982); *Acosta v. Honda Motor Co.*, 717 F.2d 828, 831 (3d Cir.1983)); *Gilbert*

2025 VI Super 42U

¶20　Importantly, Court rules "'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'"[47] "[C]ourts generally interpret rules of . . . procedure 'in light of the history of their adoption'."[48] Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding."[49] Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, "bending the rule and softening the harsh result dictated by its literal application."[50]

¶21　When interpreting and applying the Virgin Islands Rules of Civil Procedure, it must always be remembered that "[i]t is . . . entirely contrary to the spirit of the . . . Rules of Civil Procedure for decisions on the merits to be avoided based on such mere technicalities. 'The [Virgin Islands] Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

*v. People*, 52 V.I. 350, 356 (V.I. 2009) ("[A]lthough literal interpretation of a statute is favored, the intention prevails over the letter,' and thus 'no statute should be read literally if such a reading is contrary to its objective.'" (alterations and internal quotations omitted) (quoting *Knight*, 989 F.2d at 626)).

[47] *Knight*, 989 F.2d at 626–27 (3d Cir. 1993) (quoting *Fallen v. United States*, 378 U.S. 139, 142 (1964), *abrogated on other grounds by Carlisle v. United States*, 517 U.S. 416, 424 (1996)).

[48] *Corraspe v. People*, 53 V.I. 470, 481 (V.I. 2010) (citation omitted).

[49] V.I.R. Civ. P. 1; *see also* V.I. Super. Ct. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court. They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination f unjustifiable expense and delay.").

[50] *Knight*, 989 F.2d at 626 ("In *Fallen*, a pro se prisoner mailed a notice of appeal eight days after sentencing. Due to the infrequent prison mail pickup schedule, the notice did not reach the courthouse until five days later. The defendant thus failed to comply with the literal terms of the then effective Federal Rules of Criminal Procedure, which required a notice of appeal to be filed within ten days of sentencing. The Supreme Court nevertheless allowed the prisoner to proceed on the merits of the appeal because 'petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days.' The purpose of the notice requirement—compelling litigants to take all precautions to ensure that appeal notices promptly reach the courthouse—was not subverted . . . ." (quoting *Fallen*, 378 U.S. at 144)); *Nibbs v. People*, 52 V.I. 276, 286 (V.I. 2009) (per curiam))).

2025 VI Super 42U

to facilitate a proper decision on the merits.'"[51]  For example, "simplified 'notice pleading'[52] is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."[53]  Simply, a trial is a search for the truth; and the court rules are to be interpreted and employed in the most efficient and cost effective manner to achieve that end.[54]

## B. General Requirements of Service of Process—Disinterested Non-party

¶22     Process must be served by a disinterested non-party.[55]  What this precisely requires in practice is not clear, and Plaintiff has not addressed this factually.  The Court looks to jurisdictions containing a rule or statute with the same or similar language.[56]

---

[51] *Toussaint v. Stewart*, 67 V.I. 931, 950-51 (V.I. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

[52] *See Id.*, 67 V.I. at 943 ("The Rules of the Superior Court, like the Federal Rules of Civil Procedure, are designed 'to secure the just, speedy, and inexpensive determination of every action . . . .'" (quoting *Foman*, 371 U.S. 178, 182)); *see generally Mills-Williams v. Mapp*, 67 V.I. 574, 584-85 (V.I. 2017) ("[T]his Court has expressly held, in both its oldest and newest decisions, that the *Twombly* standard does apply to proceedings in the Superior Court, at least until this Court determines otherwise. We recognize, of course, that this Court has in fact determined otherwise, in that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7. Significantly, Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.").

[53] *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957) ("The Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of [the rules] is to facilitate a proper decision on the merits." (citing FED. R CIV. P. 12(e) (motion for a more definite statement), 12(f) (motion to strike portions of the pleading), 12(c) (motion for judgment on the pleadings), 16 (pre-trial procedure and formulation of issue), 26—37 (depositions and discovery), 56 (motion for summary judgment), 15 (right to amend); *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938))). In federal courts, *Conley* was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, this does not apply in the Virgin Islands, as this is a notice pleading jurisdiction. *Mills-Williams*, 67 V.I. at 584-85.

[54] This approach to construction and application of the Virgin Islands Rules of Civil Procedure is reinforced by the strong preference for decisions based upon the merits of a matter. *See generally Skepple*, 69 V.I. at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (collecting cases)).

[55] V.I.R. CIV. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[56] The following are cases interpreting as persuasive authority similar or identical language in statutes or court rules intended to achieve the same purpose establishing the appropriate understanding and application of rules or statutes.

2025 VI Super 42U

¶23    The requirement contained in Virgin Islands Rule of Civil Procedure 4(c)(2) that service be made by a non-party has, in jurisdictions having a rule with the same language, been extended to methods of substitute service, such as service by mail.[57] This requirement that service be made by a person who is "not a party" has been further interpreted to be satisfied if service is made by a party's counsel (or someone employed by counsel).[58] But, the Virgin Islands Supreme Court has not held either that 1) agents of a party, such as their lawyer, are a non-party within the meaning of Rule 4(c)(1) or 2) agents of a party are "disinterested" within the meaning of section 82(d) of

---

*See generally Gov't of VI. v. George*, 2025 VI 6, §19 n.8 ("Given that the local Rule 24(a)(2) mirrors its federal counterpart, the standard delineated under the federal rule is persuasive when local Rule 24(a)(2) is construed and applied." (citing *Browne v. People*, 74 V.I. 601, 613 (V.I. 2021); *Yearwood Enterprises, Inc. v Antilles Gas Corp.*, 69 V.I. 863, 869 (V.I. 2018))); *Browne*, 74 V.I. at 613 (concluding that where a Virgin Islands court rule "is identical to its federal counterpart," federal opinions construing and applying the federal rule are "of inherently persuasive, although not necessarily compelling, force" when construing and applying the Virgin Islands' local rule) (quoting *State v. Fuller*, 374 N.W.2d 722, 727 (Minn. 1985) and citing *People v. Ventura*, Case No. SX-2012-cr-076, 2014 WL 3767484 (V.I. Super. Ct. July 25, 2014) (unpublished)); *Yearwood Enterprises.*, 69 V.I. at 869 (observing that the Court "is mindful that decisions of federal courts interpreting a rule of federal procedure represent persuasive rather than binding authority in the context of th[e] ... interpretation of an identical Virgin Islands rule"); *Wallace*, 71 V.I. at 718 n.3 ("[T]his Court treats decisions from other jurisdictions construing statutes that feature language substantially similar to the language used in a Virgin Islands statute as persuasive authority only." (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 2996 (V.I. 2014))); *Id.* at 767 n.36 (Swan, J., concurring) ("Absent evidence that the Legislature of the Virgin Islands adopted a statute from a specific jurisdiction, decisions from jurisdictions interpreting statutes with like purposes and similar langue are considered persuasive." (citing *Rivera-Moreno*, 61 V.I. at 296; *Chinnery v. People*, 55 V.I. 508, 519 n.6 (V.I. 2011); *Bryan v. Fawkes*, 61 V.I. 416 (V.I. 2014)), *Ottley v. Est. of Bell*, 61 V.I. 480, 495 n.10 (2014) ("When statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look for guidance at how that jurisdiction's courts have interpreted the similar statute. (citing *Nicholas v. People*, 56 V.I. 718, 734-35 (V.I. 2012); *In re Disbarment of Plaskett*, 56 V.I. 441, 447 (V.I. 2012); *Brady v. Cintron*, 55 V.I. 802, 815-16 (V.I. 2011))); *Brady*, 55 V.I. at 813 n.12 ("This interpretation of 27 V.I.C. § 166d(a) is consistent with how other courts have interpreted the Virgin Islands Medical Malpractice Act, as well as Indiana's Medical Malpractice Act, which contains a statute of limitations section with almost identical language.").

[57] *Constien v. United States*, 628 F.3d 1207 (10th Cir. 2010); *see also Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 n.2 (6th Cir. Mar. 1, 2023) (unpublished) (citing *Constien*, 628 F.3d 1207); *Morelock v. Katz*, No. 22-2074, 2022 WL 17850365, at *1 (4th Cir. 2022) (per curiam) (unpublished) (citing *Constien*, 628 F.3d 1207); *Shabazz v. City of Houston*, 515 Fed. Appx. 263, 264 (5th Cir. 2013) (per curiam) (unpublished) ("Fed. R. Civ. P. 4(c)(2) also prohibits service by a party." (citing *Shabazz v. White*, 301 Fed. Appx. 316, 317 (5th Cir.2008) (per curiam); *Constien*, 628 F.3d at 1213-14; *Dumas v. Decker*, 556 Fed. Appx. 514, (7th Cir. 2014) (unpublished) (citing *Constien*, 628 F.3d at 1217).

[58] *Dombush v. C.I.R.*, 901 F.2d 1130 (D.C. Cir. 1990); *McGowen v. Second Judicial District Court*, 432 P.3d 220, 737-38 (Nev. 2018) ("At the time Nevada amended its rules in 2004, federal courts were already interpreting its rule as allowing service of process by a plaintiff's attorney." (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988); *Jugolinija v. Blue Heaven Mills, Inc.*, 115 F.R.D. 13, 15 (S.D. Ga. 1986))).

2025 VI Super 42U

title 4 of the Virgin Islands Code or 3) a violation of either 4 V.I.C. § 82(d) or V.I.R. Civ. P. 4(c)(1)[59] constitute a defect rendering service of process void (as opposed to being merely a procedural error making service of process voidable by a defendant's Rule 12(b)(5) motion to dismiss for lack of service of process).[60]

¶24    Further, while not containing language expressly making this requirement jurisdictional, the requirement in section 82 of title 4 of the Virgin Islands Code that process must be served by a "disinterested person" requires more substantial analysis.[61]    Whatever the intended application of this section of the Virgin Islands Code, Plaintiff bears the initial burden of proving service of process, including service by a disinterested nonparty.  The Court will consider whether this initial burden has been satisfied.

¶25    "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is *prima facie*

---

[59] Because court rules are generally not jurisdictional, it is highly questionable that the non-party requirement contained in V.I. Rule of Civil Procedure 4(c)(1) renders a judgment void. *See generally In re Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) (courts rules not jurisdictional); *Crooke*, 54 V.I. at 254 ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." (citations omitted)).

[60] *Skepple*, 60 V.I. at 733 n.26 (explaining the distinction between errors rendering a judgment void versus voidable).

[61] *See generally Willis*, 71 V.I. at 832-33 (Swan, J., Concurring) ("If faced with the task of interpreting statutes providing time limits and other limitations that could be understood to limit a court's jurisdiction, its very power to act, statutory requirements should only be held to be jurisdictional if there is a clear indication the legislature intended the statutory provision to operate as a limitation on the court's adjudicatory capacity—the jurisdictional intent must be clear. Determining jurisdictional intent requires that the statutory language be considered for the meaning of the express text considering the context in which it is located and relevant historical treatment. When there is no clear label, then courts consider the structure of the statute and whether long-standing judicial precedent 'compels the conclusion' that the statute imposes a jurisdictional limit. If the express language unambiguously prescribes the jurisdictional limits, no further inquiry is necessary." (citing *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 602 (V.I. 2011); *Brooks.*, 58 V.I.at 424; *Brady*, 55 V.I. at 815)).  Considering the statutory history of parties being authorized to serve process recited in *Constien*, it seems unlikely the "disinterested" person requirement "compels the conclusion" the limitation in section 82(d) of title 4 of the Virgin Islands Code governs this Court's adjudicatory compacity.  However, further research into the legislative history of this provision is necessary before any conclusion can be drawn as to legislative intent.

2025 VI Super 42U

evidence giving rise to a rebuttable presumption of valid service providing legal notice."[62] Unfortunately, Plaintiff has not submitted any affidavit. In the absence of evidence, the Court cannot conclude anything about service of process. That being said, Plaintiff has included exhibits that—if authenticated and supported by an affidavit containing facts establishing that the person (or people) at the St. Thomas Source who handled the publishing are not parties to this suit and are not related to or in business with the Parties and that the parties to this Case have no ownership interest in and are not employed by the St. Thomas Source—would establish constructive service upon all persons claiming an interest in the Property. This is plainly merely a failure of proof, and Plaintiff must submit legally sufficient proof of service.

## C. Prerequisites of Valid Judgment—Due Diligence

¶26    "Implicit in any [D]ue [D]iligence analysis under section 112 [of title 5 of the Virgin Islands Code] is that the plaintiff will make a *prima facie* showing that, after reasonable effort, neither personal service nor other methods of substitute service could be achieved wherever the defendant may be."[63] Reasonable efforts are those actions by a plaintiff (considered in light of the information available to them) that indicate an actual intent to give actual and legal notice to the defendant.[64]

---

[62] *Skepple*, 69 V.I. at 730 (citing 5 V.I.C. §§ 114(a)(2), 696(a)(1), 4911(b); *Molloy*, 56 V.I. at 172-73; *Bonanno*, 2013 WL 3958772, at *6; *Gore*, 50 V.I. at 236; *Spencer*, 2009 WL 1078144, at *3 )

[63] *Id.* at 738 (citing 5 V.I.C. § 112; *Settlemier v. Sullivan*, 97 U.S. (7 Otto) 444, 448 (1878)).

[64] *Id.* at 728-29 ("In order for legal notice to comply with the requirements of due process and support the exercise of personal jurisdiction over a defendant at the outset of a lawsuit—considering the totality of the circumstances—the notice must be reasonably calculated to apprise the interested party of the pendency of the case and afford the party a genuine opportunity to present the party's objections, such that the notice must reasonably convey all required information and likewise afford a reasonable time for the party to make an appearance and present such objections. Additionally, the service must be directed to those people and at those locations known to, and reasonably discoverable by, the plaintiff, such that the efforts at service demonstrate that the plaintiff was "desirous of actually informing the absentee" defendant." (citations omitted)).

Peets v. Peets, et. al.
Case No. ST-2025-CV-00163
Memorandum Opinion and Order
Page 17 of 24

2025 VI Super 42U

¶27    Section 112 of title 5 of the Virgin Islands Code authorizes constructive service by publication only when "a plaintiff present[s] *prima facie* evidence showing the following: (1) that a duly diligent effort to obtain personal service upon the defendant(s), using the methods prescribed in Federal Rule of Civil Procedure 4, was made; (2) failing to achieve successful personal service under the methods prescribed by Rule 4, that a duly diligent effort to provide legal notice to the defendant was made such that the efforts clearly indicate a plaintiff desirous of actually informing the defendant(s) of the litigation; and (3) that the defendant cannot be served by any of the foregoing methods . . . ."[65] When a Plaintiff requests leave to effectuate legal notice by constructive service (i.e., service by publication), such permission should only be given upon strict compliance with the authorizing statute.[66] "Where the proof of service fails to establish the statutory pre-requisites that justify the trial court's authorization of constructive service, the court has no personal jurisdiction."[67]

¶28    "Due process dictates that a plaintiff expends 'reasonably diligent efforts' to identify and serve 'reasonably ascertainable parties' whose interests in the lawsuit are not merely conjectural,"[68] and "an assessment of [Du]e [D]iligence must be made from a practical standpoint and in a commonsense manner, without rigid adherence to any mechanical formula."[69]

---

[65] *Id.* at 738 (citing 5 V.I.C. § 112); *see also Id.* at 738 (citing *American Lnd. Co. v. Zeiss*, 219 U.S. 47, 66 (1911) (noting that the statute "provide[s] every reasonable safeguard for the protection of the rights of unknown claimants and to give such notice as under the circumstances would be reasonably likely to bring the fact of the pendency and the purpose of the proceeding to the attention of those interested.")).

[66] *Id.* at 734-35 ("[W]hen constructive service is employed, determining whether an attempt at service constitutes legal notice depends upon strict compliance with the requirements of the method of constructive service, and whether a party has complied with the statutory requirements is subject to strict scrutiny." (citing *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 453 (1836); *Cheely v. Clayton*, 110 U.S. 701, 706-07 (1884). *Mulrain v. Mulrain*, 15 V.I. 149, 151 (D.V.I. App. Div. 1979))).

[67] *Id.* at 731 (citations omitted).

[68] *Id.* at 739 (citations omitted).

[69] *Id.* at 740 (citations omitted).

2025 VI Super 42U

¶29    "Generally speaking, [D]ue [D]iligence is 'such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard but depending on the relative facts of the special case.' [R]easonable diligence [i]s 'a fair, proper and due degree of care and acting, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.' 'To demonstrate reasonable diligence, a plaintiff must establish that [they[70]] pursued the issue with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'"[71]    This necessarily requires reasonably diligent efforts to identify reasonably ascertainably addresses and localities where a defendant might reasonably be located and further requires reasonably diligent efforts to achieve either personal or substitute service at those addresses in those localities.

i.    **Deceased People, as a Matter of Law, can Never be a Party to Litigation**

¶30    Basil M. Peets, Clive S. Peets, and Ernestine Peets are not proper parties to the matter, and judgment cannot be entered against them. "'In every suit, there must always be a plaintiff, a defendant, and a court.' The common law principle is that if a party dies before a verdict or decision is rendered, the action abates as to [them] and must be dismissed unless it is revived by substitution of a personal representative. 'A deceased person cannot be a party to a legal

---

[70]*See generally Evans-Freke*, 75 V.I. at 462 ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[71] *Skepple*, 60 V.I. at 741 (alterations, quotations, and citations omitted).

Peets v. Peets, et. al.
Case No. ST-2025-CV-00163
Memorandum Opinion and Order
Page 19 of 24

2025 VI Super 42U

proceeding, and the effect of death is to suspend the action as to the decedent until [a] legal representative is substituted as a party.'"[72]

¶31     No valid judgment can be entered against non-existent parties. While the Court does not presume to step into the role of advocate, there are likely multiple approaches that would address this deficiency. Plaintiff could open a creditor's probate to create estates of each of the deceased grantors to probate their very limited estate here in the Territory. It also may be possible that Plaintiff could amend its pleadings to remove the deceased named defendants and proceed against any known and/or unknown heirs. At this time, the most direct course of action is unclear because, as discussed next, Plaintiff has submitted no proof of a lack of heirs of the grantors and has failed to offer proof of any known heirs. Until either or both are established by evidence, the Court cannot begin to guess at the appropriate legal recourse—but that is for the Plaintiff's counsel to decide, not this Court. Whatever Plaintiff may decide, presently no judgment can be had against three named Defendants. Plaintiff must take whatever steps it deems necessary and file an amended pleading to either substitute or remove the deceased Defendants, as will be dictated by the Plaintiff's decisions.

---

[72] *Jones v. Lockheed Martin Corp*, 68 V.I. 158, 192 (Super. Ct. 2017) (quoting *Robinson v. Orthotic & Prosthetic Lab, Inc.*, 27 N.E.3d 182, 185 (Ill. Ct. App. 2015); *Bagalay v. Lahaina Restoration Found.*, 588 P.2d 416, 423 (Haw. 1978); and citing *Mitchell v. King*, 187 Ill. 452, 55 N.E. 637, 639 (1899)).

2025 VI Super 42U

### ii. Plaintiff has Failed to Provide Evidence of the Existence and/or Non-Existence of the Heirs of the Grantors.

¶32 Because the deed is invalid,[73] it never conveyed title to the Property from the Grantors to the Grantees. Furthermore, "Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately. Even under Danish law, which [, prior to the sale of this Territory to the United Staes,] controlled in the Virgin Islands, real property vested in the heirs immediately upon the death of the ancestor."[74] The present Case illustrates just one of the many issues that arise when a defendant is deceased; because the deed never transferred title to the Property and the grantors are all deceased, title vested in the heirs of the grantors upon their respective deaths.

¶33 In response to this reality, "certain best practices have arisen to prevent future issues and expense . . . . One such practice has been to name unknown heirs and unknown persons having any interest in a mortgaged property, either as a group or as individual "John Does," and then

---

[73] *Alexander v. Alexander*, 65 V.I. 372, 380 (2016), amended, No. 2016-0012, 2016 WL 6805002 (Sept. 30, 2016) ("Because the May 30, 2008 deed did not contain two witnesses' signatures, identified as such, it did not comport with the formalities of law to effectuate a valid transfer of property.").

[74] *Gov't of the V.I. v. Certain Parcels of Land in Est. Nisky, No. 6 Southside Quarter, Consisting of 1.189 Acres More or Less in St. Thomas, U.S. Virgin Islands*, 713 F.2d 53, 57 n.10 (3d Cir. 1983) (citing *Rhymer v. Gov't of the V.I.*, 176 F. Supp. 338, 342 (D.V.I. 1959); *Estate of Nelthropp*, 129 F. Supp. 609 (D.V.I. 1955); *Estate of Wright*, 207 F. Supp. 912, 914–18 (D.V.I. 1962)); *see also Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc., Inc. v. Cappucci*, 2025 VI SUPER 32U (V.I. Super. Aug. 27, 2025) (citing 15 V.I.C. § 645; *Matrix Fin. Servs. Corp. v. Audain*, No. 1:16-CV-00066-WAL-EAH, 2022 WL 20471404, at *4 (D.V.I. Dec. 1, 2022), report and recommendation adopted, No. CV 2016-0066, 2023 WL 4418238 (D.V.I. July 10, 2023), judgment entered, No. CV 2016-0066, 2023 WL 4417535 (D.V.I. July 10, 2023); *Certain Parcels of Land in Estate Nisky*, 713 F.2d at 57 n.10; *Martin v. Banco Popular de P.R.*, 379 Fed. Appx. 185, 188 (3d Cir. 2010); *Martin v*, 2009 WL 1421274, at *5; *Matter of Chenoweth*, 3 F.3d 1111 (7th Cir.1993); V.I. Code Ann. tit. 15, § 428; Restatement (Third) of Property § 2.1 cmt. d (1999); *Bank of N.S. v. Dore*, 57 V.I. 105, 116 (V.I. Super. Ct. 2012); *Estate of Todman*, 48 V.I. 166, 174-75 (V.I. Super. Ct. 2006); *Estate of Wright*, 207 F. Supp. at 914; *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (Neb.1997); *Rhymer*, 176 F. Supp. 338; *Chenoweth*, 3 F.3d at 1113; *United States v. Comparato*, 850 F. Supp. 153, 157 (E.D.N.Y.1993); 23 Am. Jur.2d Descent and Distribution § 14 (2002))).

2025 VI Super 42U

serving the heirs unknown by publication to demonstrate an actual intent to give actual and legal notice to anyone with an interest in the affected property. This practice has been utilized with fair frequency, but there is no opinion addressing what evidence must be submitted to make a *prima facie* case of Due Diligence . . . when service is being made upon unknown heirs."[75] This Court recently addressed, in *Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc., Inc. v. Cappucci,*[76] the due process concerns that arise when seeking a default judgment of foreclosure upon a decedent.

¶34 Because title vests immediately upon death, "[t]his raises the question of what factual content must be submitted (either by affidavit or declaration under penalty of perjury) in order to *prima facie* establish that a duly diligent search for any and all potential heirs has been made and that those named in the matter are most likely the only people with any potential interest that would be affected by the outcome of the case. Essentially, the Court must assure itself that this best practice is not being used as a tool to deny an opportunity to be heard to any person with an interest in a property subject to a foreclosure action."[77] Additionally, "Due Diligence requires *prima facie* proof of a genuine desire to give both actual and legal notice. Depending on the facts in each case, publication may be necessary in both the Virgin Islands and one or more other jurisdiction to establish Due Diligence."[78]

¶35 Presently, Plaintiff has offered no evidence of the existence or non-existence of the heirs of Basil M. Peets, Clive S. Peets, and Ernestine Peets, except that Plaintiff is the widow of Basil

---

[75] *Cappucci,* 2025 VI SUPER 32U, ¶¶ 14-15.

[76] *Id.* at ¶ 14 (footnote and citations omitted) ("Because Due Process requires notice and an opportunity to be heard before ownership interests are terminated,40 foreclosing upon a decedent's estate gives rise to potential challenges to any judgment of foreclosure that may be obtained.").

[77] *Id.* at ¶ 16.

[78] *Id.*

Peets v. Peets, et. al.
Case No. ST-2025-CV-00163
Memorandum Opinion and Order
Page 22 of 24

2025 VI Super 42U

M. Peets. However, "a Plaintiff must establish that it is reasonably likely that no [additional] actual heirs exist and constructive service is being used to eliminate a potential collateral attack on any final judgment by a truly unknown heir."[79] The laws of intestate succession in the Virgin Island entitle the surviving spouse to only a portion of a decedent's estate if the decedent is also survived by children.[80] Without facts establishing that Basil M. Peets had no heirs except Plaintiff, the Court cannot conclude that knowing Plaintiff was married to Basil M. Peets at the time of his death leaves no other person to inherit a portion of his interest in the Property. Indeed, Plaintiff has not presented any of the information discussed in *Captains' Command v. Cappucci* regarding any of the grantors and their heirs.[81]

¶36 Additionally, while Plaintiff has published in a newspaper of general circulation in the Virgin Islands, at all relevant times, the grantors and grantees were residents in New York, as evidence by the deeds and the allegations as to the Parties in the complaint. Given these facts, publication to known and unknown heirs in New York near where the grantors and grantees had lived is necessary.

¶37 At this time, Plaintiff's proof of Due Diligence is insufficient, and leaves concerns that the Court may be entering a void judgment if the present motion were granted. Plaintiff's proposed judgment does not go beyond the issues presented and relief requested in the complaint, satisfying one of four essential elements of a valid judgment. Further, as stated above, the presumption of subject matter jurisdiction is not even questionable based on what is known to the Court. However,

---

[79] *Id.* at ¶ 17

[80] 15 V.I.C. § 84(a) ("One-third to the surviving spouse, and the residue in equal portions to the children, and such persons as legally represent the children if any of them have died before the deceased.").

[81] *Id.* at ¶ 18 ("Plaintiff has failed to submit evidence of the deaths of James Sr. and Barbara and failed to submit evidence of its investigatory efforts to identify the names and locations of any heirs."). This recitation of appropriate evidence is non-exhaustive. Generally, "all relevant facts" should be presented.

2025 VI Super 42U

the present proof is inadequate to satisfy the Court that it is possessed of personal jurisdiction over all Defendants and that any judgment would not otherwise violate due process—the particular concern being that a judgment cannot be entered against a decedent. The best course of action at this time is to defer ruling on the motion for default judgment and order the Plaintiff to take the necessary steps to ensure any judgment the Court enters is valid, including seeking leave to publish service of process in the local (or locals) most likely to give actual notice to any heirs known and unknown.

## CONCLUSION

¶38 The attempted proof of service does not constitute evidence of service of process and further fails to provide sufficient evidence to satisfy the requirement of Due Diligence in Plaintiff's efforts to provide service that constitutes both legal and actual notice. However, Plaintiff has made a showing adequate to justify an order to complete service of process or prove Due Diligence with regard the heirs, known and unknown, of the decedents. Accordingly, it is hereby

**ORDERED** that Plaintiff shall, within 30 days of entry of this order, submit the publisher's affidavit necessary to establish *prima facie* evidence of[82] constructive service by publication in the Territory; and it is further

**ORDERED** that Plaintiff shall, within 30 days of entry of this order, submit the affidavit(s) necessary to establish *prima facie* evidence that that Plaintiff has conducted a duly diligent search—demonstrating an actual intent to identify any heirs of the grantors that, in fact, exist and

---

[82] *Skepple*, 69 V.I. at 730 ("An affidavit is competent evidence to establish service, *i.e.*, legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is *prima facie* evidence giving rise to a rebuttable presumption of valid service providing legal notice." (citations omitted)).

2025 VI Super 42U

notify those heirs of this lawsuit so that they may choose whether to appear and defend—for the heirs of the grantors **AND** the results of those efforts; and it is further

**ORDERED** that Plaintiff shall, within 30 days of entry of this order, submit either corrected *prima facie* proof of Due Diligence and service of process upon the grantors' heirs, whether personal or substituted service, or file such motions as necessary to achieve constructive service upon them; and it is further

**ORDERED** that Plaintiff may submit briefing addressing either law or fact or both in justification of the actions taken in response to this Order; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: December 8, 2025

_____
Honorable Sigrid M. Tejo
Judge of the V.I. Superior Court

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor 12 / 8 / 2025

# IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

IRMA D. PEETS, )
)
)     **CASE NO. ST-2025-CV-00163**
)
          Plaintiff, )     **ACTION TO QUIET TITLE and**
)     **ADVERSE POSSESSION**
          v. )
)
**BASIL M. PEETS; CLIVE S. PEETS;** )
**ERNESTINE PEETS, and ALL** )
**PERSONS CLAIMING AN INTEREST** )
**IN PARCEL 394-109 ESTATE ANNA'S** )
**RETREAT (TUTU), NO. 1 QUARTER,** )
**U.S. VIRGIN ISLANDS,** )
)
          **Defendants.** )
_____ )

**2025 VI Super 42U**

## ERRATA ORDER

**THIS MATTER** is before the Court *sua sponte* to correct the scrivener's error in the case number listed in the caption on the first page of the Memorandum Opinion and Order issued on December 8, 2025. Accordingly, it is hereby

**ORDERED** that the Superior Court Case number listed on the first page of the December 8, 2025 Memorandum Opinion and Order shall be **STRICKEN** and **REPLACED** with **ST-2025-CV-00163**; and it is further

**ORDERED** that a copy of this Errata Order shall be directed counsel of record and forwarded to the Clerk of the Court to be **APPENDED** to the Memorandum Opinion and Order when uploaded to the Judiciary's website.

DATED: December 9, 2025

_____
SIGRID M. TEJO
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor 12/9/2025